STATE EX REL. BEACH *v.* FIFTH JUDICIAL DISTRICT COURT, IN AND FOR NYE COUNTY, ET AL.

No. 2958

December 2, 1931.                    5 P. (2d) 535.

*W. Howard Gray* and *Wm. M. McKnight,* for Petitioner:

*A. L. Haight* and *Harwood & Diskin,* for Respondents:

## OPINION

*Per Curiam:*

On March 25, 1931, our legislature approved an act entitled "An Act to amend an act entitled 'An act concerning the courts of justice of this state and judicial officers,' approved January 26, 1865, as amended, by amending section 45 thereof and by adding two additional sections to said act, to be known as sections 45a and 45b." Stats. 1931, p. 247, c. 153.

The amended portion of section 45 reads as follows:

"A judge shall not act as such in an action or proceeding: * * *

"Fifth, if either party to a civil action in the district court or his or its attorney or agent shall file an affidavit alleging that the affiant has cause to believe and does

believe that on account of the bias or prejudice or interest of said judge he cannot obtain a fair and impartial trial, the said judge shall at once transfer the action to some other department of the court, if there be more than one department of said court in said district, or request the judge of some other district court of some other district to preside at the hearing and trial of such action; provided, the party filing such affidavit for change of judge shall at time of filing same pay to the clerk of the court in which such affidavit is filed the sum of twenty-five dollars, which sum shall be by the clerk transmitted to the state treasurer, who shall place the same to the credit of the district judges' traveling expense fund.  *   *   * "

Section 2 provides that:

"An act entitled 'An act concerning the courts of justice of this state and judicial officers,' approved January 26, 1865, as amended, is hereby amended by adding an additional section, to be known as section 45a, which section shall read as follows:

"Section 45a.  No judge or court shall punish for contempt anyone making, filing or presenting such affidavit or motion founded thereon."

Section 3 provides that:

"An act entitled 'An act concerning the courts of justice of this state and judicial officers,' approved January 26, 1865, as amended, is hereby amended by adding an additional section to be known as section 45b, which section shall read as follows:

"Section 45b.  Not more than one change of judge may be granted in any action, but each party shall be heard to urge his objections to any judge in the first instance, and the change of judge shall be to the most convenient judge to which the objections of the parties do not apply or are least applicable. *If the parties agree upon a judge then such judge shall be selected.*" (The italics are ours.)

This is the first case to arise in this court under the statute.  The case is in mandamus, and is to be regarded

as one to determine the validity of the above-quoted provisions of the statute and to settle the practice for this and similar cases.

The facts, omitting dates and details, are, in brief, as follows: Hon. J. Emmett Walsh is judge of the fifth judicial district court of this state, Hon. H. W. Edwards is judge of the seventh judicial district, and Hon. Clark J. Guild is judge of the first judicial district.

H. W. Sawyer, as administrator of the estate of Silverino Penelas, deceased, instituted an action in said fifth judicial district court in and for Nye County against Kay H. Beach and Ole Peterson, to have plaintiff's title quieted to certain unpatented lode mining claims and for injunctive relief against the defendants. The defendants appeared and filed a demurrer to the complaint. Thereafter, on motion of the plaintiff and after a hearing, the court made an order restraining the defendants from doing any of the acts and things complained of in the complaint pendente lite. Thereupon the defendant Kay H. Beach made and caused to be filed in said cause an affidavit stating that he had cause to believe and did believe that on account of bias and/or prejudice of the Hon. J. Emmett Walsh, judge of said fifth judicial district court, he could not obtain a fair and impartial trial of the action. The parties, through their attorneys of record, and in accordance with the authorization of the statute, orally agreed that the Hon. H. W. Edwards be selected as the judge to preside at the hearing and trial of the cause. Upon the presentation of the affidavit and said agreement to the Hon. J. Emmett Walsh, as judge of said fifth judicial district court, an order was entered assigning the case for trial to the Hon. Clark J. Guild, judge of the first judicial district. Counsel for the defendants urged objections to the assignment of the case to Judge Guild, and counsel for both parties joined in the request that the order of assignment be modified by substituting H. W. Edwards as the judge to preside at the hearing and trial of the action. This Judge Walsh declined and refused to do.

Thereafter Kay H. Beach petitioned this court for a writ of mandamus to issue against Judge Walsh commanding him to vacate his order assigning the case to Judge Guild and to compel him to assign the same to Judge Edwards for trial. Upon consideration of the petition, this court issued an order directed to Judge Walsh commanding him to vacate his order of assignment, or show cause before this court why he had not done so. In response to the order, Judge Walsh demurred to the relator's petition and filed an answer, which was traversed by the petitioner.

■■ The demurrer raises the question of the constitutionality of the statute and the further question of whether mandamus is the proper remedy. As to the former question, the respondent judge contends that a law which provides that the mere filing of an affidavit charging bias and/or prejudice is sufficient to disqualify a judge without a hearing or determination of whether the affidavit is true or false is unconstitutional, as depriving the court of judicial power and vesting the same in the litigants to that extent.

An examination shows that similar statutes exist in a number of states covering the subject matter of that under consideration. The statutes vary in character and in the requirements for establishing the bias or prejudice of the judge. There is no ambiguity in the declaration of our statute and nothing upon which construction can be exerted in so far as it provides that "if either party to a civil action in the district court or his or its attorney or agent shall file an affidavit alleging that the affiant has cause to believe and does believe that on account of the bias or prejudice or interest of said judge he cannot obtain a fair and impartial trial, the said judge shall at once transfer the action to some other department of the court, if there be more than one department of said court in said district, or request the judge of some other district court to preside at the hearing and trial of such action." The statute is also clear in its permission, and is mandatory in its direction that "if the parties agree upon a judge

then such judge shall be selected." Similar statutes exist in the states of Arizona, Montana, Oregon, and Ohio, whose appellate courts have upheld their constitutionality. Conkling v. Crosby, 29 Ariz. 60, 239 P. 506; Stephens v. Stephens, 17 Ariz. 306, 152 P. 164; State ex rel. Anaconda C. M. Co. v. Clancy, Judge, 30 Mont. 529, 77 P. 312; State ex rel. Durand v. Second Judicial District Court, 30 Mont. 547, 77 P. 318; U'Ren v. Bagley, Judge, 118 Or. 77, 245 P. 1074, 46 A. L. R. 1173; State ex rel. Wulle v. Dirlam, 28 Ohio Cir. Ct. R. 69. Similar statutes have been upheld by the appellate courts of the states of Washington, Minnesota, South Dakota, Wyoming, Indiana, and Missouri. See cases cited in U'Ren v. Bagley, Judge, supra. An examination shows that, upon a certificate from the United States circuit court of appeals for the seventh circuit presenting questions to the Supreme Court of the United States as to the sufficiency and effect of an affidavit of personal bias or prejudice of a federal district judge in conformity to section 21, U. S. Judicial Code (28 USCA, sec. 25), the supreme court answered that the affidavit of prejudice was sufficient to invoke the operation of the act, and, in substance, answered that the statute was not a curtailment of judicial power. Berger v. U. S., 255 U. S. 22, 41 S. Ct. 230, 65 L. Ed. 481, followed in Saunders v. Piggly Wiggly Corp. (D. C.) 1 F. (2d) 582.

The popular criticism of the legislation is that it destroys the elevated rank of district judges in the estimation of the people; that the law is open to shameful abuses by unscrupulous attorneys and their clients; that the law is but another clog in the regular and orderly administration of justice. These considerations are matters which may be more properly addressed to the legislature. We are not justified in declaring a statute unconstitutional merely because of its abuses. U'Ren v. Bagley, Judge, supra. After careful consideration we are of the opinion that the legislature did not go beyond its constitutional powers in enacting the statute, and that it does not invade the

province of a coordinate branch of the government. It follows that the demurrer to the relator's petition must be overruled.

■■ The next question to arise is, "Is mandamus the proper remedy?" It will be observed that the respondent judge, in his selection of Judge Guild to preside at the hearing and trial of the action in question, recognized that it became and was his imperative duty under the statute to request the judge of some other district court to preside at the hearing and trial of the action. But for the provision contained in the added section 45b of the statute that "if the parties agree upon a judge then such judge shall be selected," there would be force to the contention that the statute leaves it discretionary with the disqualified judge to select the most convenient judge of some other district to preside at the hearing and trial of the case. The statute is explicit and mandatory in its direction that, if the parties agree upon the judge, then such judge shall be selected to hear and determine the cause. No possible injury could result from the approval by the disqualified judge of the judge agreeable to the parties to try the case. In view of the imperative language of the provision, we conclude that Judge Walsh's refusal to follow its mandate affords grounds for a peremptory writ to compel the respondent judge to do and perform the act required by the statute itself. In other words, under a statute such as the one under review, a judge who is disqualified to hear and determine the cause and who refuses to select a qualified judge agreed upon by the parties to try the case, may be compelled by mandamus to perform the required act. Where a specific act is required by law and no discretion given, a writ of mandamus may command the doing of the very act itself. State v. Curler, 4 Nev. 445; Humboldt County v. Churchill County Com'rs., 6 Nev. 30. We are unable to agree with counsel's contention that the clause contained in the added section 45b, "if the parties agree upon a judge then such judge shall be selected" to try

the case, is merely directory and not mandatory. This court can only deal with the statute as it is expressed, and enforce it according to its expressions. Therefore it is adjudged and ordered that the respondent judge, without delay, select the Hon. H. W. Edwards to preside at the hearing and trial of the action pending in the respondent court, wherein H. W. Sawyer, administrator of the estate of Silverino Penelas, deceased, is plaintiff, and Kay H. Beach and Ole·Peterson are defendants.