STATE Ex Rel. STOKES *v.* SECOND JUDICIAL
DISTRICT COURT, in and for Washoe County,
Et Al.

No. 3012

December 7, 1933. 27 P. (2d) 534.

*L. D. Summerfield,* for Petitioner:

*Platt & Sinai,* for Respondents:

## OPINION

By the Court, DUCKER, J.:

This is an original proceeding in mandamus. Petitioner, Isobel Crittenton, is the general guardian of the person and estate of Florence Crittenton Stokes, an insane person. She is also the latter's guardian ad litem in that certain action pending in department No. 2 of the Second judicial district court of the State of Nevada, in and for the county of Washoe, being case No. 32375 therein, and wherein William E. D. Stokes, Jr., is plaintiff and said Florence Crittenton Stokes is defendant. The petition for the writ further shows that said defendant is now and at all times since the commencement of said case No. 32375, has been an insane person. A decree of divorce was granted plaintiff from defendant in that case on November 20, 1930, wherein it was ordered inter alia that plaintiff, during defendant's lifetime or until her remarriage, pay to said guardian the sum of $15,000 annually in equal monthly installments for alimony and for maintenance, care, and support of defendant. It was also ordered that the plaintiff, or the defendant's guardian, may at any time or times hereafter apply to the court for a decrease or increase in the amount of said annual payment. Hon. B. F. Curler is now, and at all times

since the month of January 1931, has been, the duly elected, qualified, and acting judge of department No. 2 of said court.

After an application by plaintiff in said case for a reduction in the amounts to be paid by him under the decree, the court in department No. 2, Judge Curler presiding, made and entered an order reducing the amount of $15,000 originally adjudged and decreed to said guardian, to $6,000 per year. It was also ordered that the sum of $100 per month provided in the decree to be paid to said guardian for her services, be included in the said $6,000.

The application for the reduction was made by the plaintiff on the ground that his financial condition had been greatly changed and his income greatly reduced since the rendition of the decree.

On the 13th day of January 1933, plaintiff filed in said case an application for a further reduction in the amounts to be paid by him under the provisions of the decree of divorce, which was set for hearing by Judge Curler before him, for February 13, 1933, at 10 o'clock a. m.

On the 23d day of January 1933, petitioner filed in said case her affidavit for the transfer thereof to some other judge to preside at the hearing and trial of said last-mentioned application. Judge Curler refused to comply therewith.

Upon consideration of the petition, this court ordered the issuance of the alternative writ as prayed for by the petitioner. Respondents demurred to the petition on a number of grounds. They also filed an answer containing denials and admissions of the allegations of the petition and alleging five affirmative defenses. The statute under which the affidavit complained of was filed, reads in part:

"Section 45. A judge shall not act as such in an action or proceeding: * * *

"Fifth, if either party to a civil action in the district court or his or its attorney or agent shall file an affidavit alleging that the affiant has cause to believe and does

believe that on account of the bias or prejudice or interest of said judge he cannot obtain a fair and impartial trial, the said judge shall at once transfer the action to some other department of the court, if there be more than one department of said court in said district, or request the judge of some other district court of some other district to preside at the hearing and trial of such action; * * * provided, that this section shall not apply to the arrangement of the calendar, or the regulation of the order of business. * * *

"Section 45b. Not more than one change of judge may be granted in any action, but each party shall be heard to urge his objections to any judge in the first instance, and the change of judge shall be to the most convenient judge to which the objections of the parties do not apply or are least applicable. If the parties agree upon a judge then such judge shall be selected." Stats. 1931, pages 247, 248, c. 153, secs. 1, 3.

1. In respondents' opening brief it was stated that upon the question of the constitutionality of the statute, a separate brief would be filed herein by respondent judge. No such brief has been filed and counsel for respondents did not argue the point on the hearing in this court. We take it therefore that this objection has been abandoned. However, the statute was held to be constitutional in a recent decision of this court. State ex rel. Beach v. Fifth Judicial District Court, in and for Nye County, 53 Nev. 444, 5 P. (2d) 535. We are satisfied with the ruling in that case.

2. It is insisted that the statute does not apply to a case wherein a guardian is a party because the legislature could not have intended that a guardian appointed by a court should be permitted to question the fairness of a judge presiding therein. The argument of counsel for respondent is extremely ingenious, but we think the statute is broad enough to authorize the disqualification of a judge by a guardian appointed in a case to represent an insane person, as was done in this case. Under such circumstances, the guardian is entitled to take any step in the case that such person could have taken if

sane. For the purposes of the statute at least, he is a party to the action. While this court is not concerned with the policy of the statute, we are nevertheless constrained to remark that no good reason is apparent why an insane person who is a party to an action should be accorded less right than one who is sane.

3, 4. It is insisted that no proper application for a change of judge was made to the respondent judge. There is no merit in this contention. The statute does not contemplate the making and hearing of any formal motion for a change. When the affidavit is filed by a party, no discretion is left in the judge to whom it is addressed, it is his duty to make the change commanded by the statute. A formal motion and hearing would therefore be an idle ceremony. This was also the opinion of the court in Stephens v. Stephens, 17 Ariz. 306, 152 P. 164, 165, in which a similar statute was construed. The court said: "But where one of the grounds allowed by the statute for a change of the judge is alleged [the bias, prejudice and interest of the judge was alleged], the court or judge to whom it is addressed has no discretion whatever as to its truth or sufficiency, if it complies with the language of the statute. Nor has the opposite party any right to contest the ground or grounds alleged. 'If either party * * * shall file an affidavit alleging either, * * * it shall be the duty of said judge' * * * at once to call in another judge to try the case. He cannot decide according as the charge lodged against him is true or false, nor can evidence by affidavit or otherwise be introduced to controvert the application. That being true, it would serve no purpose to require notice of the application for change of judge to the opposite party."

5. It is conceded by the respondent judge that a request for a change of judge was made of him by the attorney for petitioner with the statement that, in the event no change were ordered, an affidavit would be filed; and further conceded that, after the affidavit was filed, it was called to the attention of respondent

judge by the clerk of the court at the suggestion of attorney for petitioner. This was certainly sufficient to apprise the judge of the filing of the affidavit requesting the transfer of the case. Nothing more was needed.

6, 7. Respondents contend that the disqualification contemplated by the statute must be urged at the inception of the trial. In this respect it is insisted that in this case the court having decided the divorce action on its merits and the same respondent judge having once before passed on the matter of allowances, the privilege given by statute is not available in the second application. The privilege given by the statute is not meant to be confined to the trial of the action on its merits, but may be exercised in any separate step in the cause.

"A trial," said the court in Tregambo v. Comanche M. & M. Co., "is the examination before a competent tribunal, according to the law of the land, of the facts or law put in issue in a cause for the purpose of determining such issue. When a court hears and determines any issue of fact or of law for the purpose of determining the rights of the parties, it may be considered a trial." Finn v. Spagnoli, 67 Cal. 330, 7 P. 746, 747.

In the case last quoted from the hearing of a motion to set aside a default was considered a trial. In the case last cited the hearing and disposition of a motion for a new trial were considered a trial. An application for an increased allowance was held in Stephens v. Stephens, supra, to be a civil action in which a party was entitled to a change of judge for bias. The application for a modification of the decree as to allowances in the case before us calls for the determination of a substantial right of the parties. It is a phase of the case to be tried by the court and judgment rendered thereon. If a reduction is ordered, it would work a modification of the original decree.

We are satisfied that the filing of the affidavit of disqualification was within the remedy given by the statute and that it was seasonably filed.

8. Respondents contend that section 8423 N. C. L., and rule 41 in rules of the district court would be

violated if a transfer to another judge were required in this case. We are not of this opinion and hold that, if the statute in any way conflicts with said section 8423, or rule 41, it prescribes an exception thereto to that extent.

It is ordered that a peremptory writ of mandamus issue herein commanding the respondents to at once transfer said case No. 32375 to some other department of said Second judicial district court of the State of Nevada in and for the county of Washoe, or request the judge of some other district to preside at the hearing and trial of such action.