**WENDEL v HUGHES, et**

Ohio Appeals, 1st Dist, Butler Co.

No. 782.   Decided April 25, 1940.

Paul Baden, Hamilton, for John W. Wendel.

Harold Singer, Dayton, and Casper & Casper, Middletown, for Mary M. Hughes.

Shepard & Condo, Hamilton, for Alexander L. Johnson.

Williams & Williams, Oxford, for The Oxford Loan & Building Association.

## OPINION

BY THE COURT:

In this case an affidavit of bias and prejudice on the part of the judge was filed on June 26th, 1939. It was prepared and filed by Mary M. Hughes, a litigant, without the assistance of counsel, and is very informal. However, it does allege that the judge was prejudiced against her and had already indicated the decision he would render in the case against her. We are not now concerned with the truth of the averments of the affidavit.

No praecipe was filed with the affidavit and the clerk did not notify the Chief Justice of its filing.

With this affidavit on file and the issue of disqualification raised thereby undisposed of, the judge proceeded to hear the cross-petitioners on their allegations against Mary M. Hughes, and on July 3rd, 1939, rendered judgment in foreclosure of a mortgage against her in favor of The Oxford Loan & Building Association, and on July 5th. a judgment in foreclosure of his mortgage in favor of Johnson against her.

On July 24th, 1939, Mary M. Hughes filed motions to vacate these judgments.

On October 6th, 1939, these motions were overruled, and on the same day (October 6th, 1939) notice of appeal on law and fact was filed from the orders overruling these motions to vacate the judgments A bond staying execution was filed on the same day.

In **Wolf, et v Marshall, et, 120 Oh St 216**, the court had before it the question of the validity of a judgment rendered by a judge after an affidavit had been filed charging him with bias and prejudice. The court at 219, et seq., said:

"The trial judge was without authority in this case, under the attending facts, as stated, which are not disputed, to proceed with the trial and enter a judgment therein, and for the reasons stated the judgment must be held to be a nullity and reversed, and the case remanded for further action in accordance with this opinion."

This precedent is binding upon this court. We, therefore, hold that the judgments rendered in ▮▮▮▮▮▮ this case were void and of no effect, and that the court erred in overruling the motions to vacate them, and proceed in the case as a pending case according to law.

It is objected that this affidavit was not properly filed inasmuch as no praecipe directing the clerk to notify the Chief Justice was filed with it. While, as already noted, the affidavit is lacking in artistry, nevertheless, it clearly bears the caption "Affidavit of Bias and Prejudice", and the clerk so noted it on the appearance docket. It cannot be said that the clerk was misled as to the nature of the filing, or that he did not know its nature. The statute (§1687 GC) provides that upon the filing of such an affidavit the clerk shall forthwith notify the chief justice of the supreme court." The statute thereby makes it the duty of the clerk to give the notice upon the filing ▮▮▮▮▮▮ and not upon a praecipe of the party filing it.

For these reasons, the orders overruling the motions to vacate the judgments are reversed and the cause remanded for further proceedings according to law.

HAMILTON, PJ., MATTHEWS & ROSS, JJ., concur.