167 P.2d 353

**HARMS v. COORS.**

No. 4930.

Supreme Court of New Mexico.

March 23, 1946.

Jackson & Horan, of Albuquerque, for petitioner.

Simms, Modrall, Seymour & Simms, of Albuquerque, for respondent.

SADLER, Justice.

Petitioner seeks an order in prohibition restraining the respondent Judge of the Second Judicial District sitting in Bernalillo County from further proceeding in the condemnation suit pending on the civil docket of his court in said county wherein the State of New Mexico and others are plaintiffs and Irwin O. Harms, petitioner's husband and others, including the petitioner herein, herself, are defendants, bearing docket number 33,821. The suit is one by the State, for the Use and Benefit of the University of New Mexico and the regents thereof against numerous defendants involving several tracts of land of large aggregate acreage with the tract in which petitioner is interested forming only a small portion thereof.. Joined as defendants in the complaint filed were Irwin O. Harms and Faymae E. Harms who were alleged to be the owners of the tract in question.

Just how Faymae E. Harms, whosoever she may be, came to be made a party defendant does not satisfactorily appear. Since she was alleged to be an owner with Irwin

O. Harms of the tract of land in question and the only one having an interest therein with him is Anna Cornelia Harms, his wife, the petitioner herein, the most plausible explanation is that the person intended thus to be joined as a party defendant was the petitioner, Anna Cornelia Harms. Be that as it may, following notice of a hearing on the petition in condemnation, Claude S. Mann, an attorney of Albuquerque, entered an appearance on behalf of Irwin O. Harms and Faymae E. Harms in which appearance it was stated that they were the owners of the real estate alleged in the petition to belong to them.

On the date set for the hearing, to-wit, September 25, 1945, said attorney appeared, along with other attorneys representing various clients and challenged sufficiency of the petition in condemnation as well as plaintiffs' right to condemn the property described. The challenge was overruled and commissioners were appointed to assess damages. An order was thereupon prepared accordingly and signed by the respondent judge although not filed until October 10, 1945. In the meantime and on October 4, 1945, the order in question having previously been approved as to form through initialing by Claude S. Mann as attorney for Irwin O. Harms alone, said attorney filed a formal withdrawal of appearance for and on behalf of Irwin O. Harms and Faymae E. Harms.

On October 11, 1945, the day following entry of the order aforesaid, Anna Cornelia Harms, the petitioner herein, who had not yet formally been made a party defendant, except in so far as she is privileged to treat herself a party as a matter of law under 1941 Comp. § 25-905, filed her application to be made a party defendant to the condemnation suit upon the ground that she was the owner of an interest in the Harms' property as joint tenant and asked to be permitted to file her answer. On October 17, 1945, the court acted on said application by causing the following order to be entered, to-wit:

"In this cause, this day coming on to be heard, upon motion of Anna Cornelia Harms by her attorney George Pullen Jackson, to be made a party defendant in this cause and be allowed to file her answer; and it appearing from all the pleadings in this cause and from the proof adduced in open Court, that said Motion should be granted;

"It is therefore ordered, adjudged and decreed by the Court, that Anna Cornelia Harms be, and hereby is, made a party defendant in this cause and is allowed five (5) days in which to file her answer.

"(Sgd.) Henry G. Coors, Judge".

Instead of answering in five days as in her application she had prayed permission of the court to do, before the expiration of three days the petitioner filed an affidavit of disqualification on, to-wit, October 20, 1945. The Harms defendants, husband and wife, the latter the petitioner herein, filed separate answers in the cause on October 26, 1945, raising the identical questions, the sufficiency of the petition in condemnation and the right of plaintiffs to condemn, which already had been passed on by the respondent judge on September

25, 1945, when the petition in condemnation was presented to him in conformity with the law, as already related. On October 31, 1945, the plaintiff filed a motion to strike the affidavit of disqualification which, after hearing, the court sustained. Thereupon the petitioner sued out an alternative writ of prohibition here.

Several challenges are interposed to petitioner's right to the writ. The more important ones are (1) that having secured an exercise of respondent's judicial discretion in passing upon the sufficiency of petitioner's application to be made a party defendant, the affidavit of disqualification is untimely; (2) that condemnation proceedings do not constitute a "civil action" within the meaning of that term as used in 1941 Comp. §§ 19-508 and 19-501, the former being the statute governing statutory disqualification of judges; and (3) that petitioner, Anna Cornelia Harms, whether considered as an intervenor in the condemnation proceedings, or as an added party defendant therein, was not entitled to disqualify the judge by statutory affidavit of disqualification. Since the last-mentioned challenge proves decisive, we need not determine the others.

In State ex rel. Lebeck v. Chavez, 45 N. M. 161, 113 P.2d 179, this court held that a person who had petitioned to intervene, but whose right to intervene had not been determined by trial court, was not a "party" to the action within statute providing that party to an action can file affidavit of disqualification of trial judge under 1941 Comp. § 19-508. The writer of this opinion in a special concurrence disagreed with this holding although agreeing with the result announced in so far as same rested upon the doctrine of waiver. The precise question over which we differed is not here involved. But the court went on to employ language casting serious doubt upon the right of an intervenor to employ the statutory affidavit of disqualification at all. The court said [45 N.M. 161, 113 P.2d 185]: "There is much authority to the effect that an intervener must take the suit as he finds it and is bound by the previous proceedings in the case. 'Consequently he cannot complain of the form of the action, or informalities or defects in the proceedings by the original parties, or of the jurisdiction of the court in which the plaintiff had a right to sue the defendants.' See Vol. 14 Standard Ency. of Procedure, page 330, and cases cited. However this may be, we have before us a much narrower question and therefore this other and broader one need not be decided."

The question then left undecided we now decide by holding that considerations controlling upon the right of intervention clearly reject as a right in the intervenor the benefit of a statutory disqualification of the judge. Some of them were commented on in State v. Chavez, supra. Intervention, as we know, may come at various stages of a pending suit or action. It is unthinkable that a tardy intervenor, even in a case where it would be an abuse of discretion to deny the right, upon being let in, could nullify prior proceedings and cause the matter to be commenced all over again before a different judge. We deny no fundamental

right in so holding since the right to disqual-ify on constitutional grounds, save as it may have been waived in a given case, still remains.

■ But, says petitioner, she is not an intervenor, having been brought in by virtue of 1941 Comp. § 19-101(19) rendering it compulsory to join as a party plaintiff or defendant any person having a joint interest in the subject matter of the suit or action. Whether this statute be mandatory or not in the matter of requiring joinder of petitioner as a party to the suit in question, a matter we do not determine, it certainly is no stronger on petitioner's right of joinder than 1941 Comp. § 25-905, giving unto any party in condemnation proceedings, having or claiming an interest in the property described in the complaint, whether named or not, the right to appear, plead and defend "in like manner as if named in the complaint." A party so seeking joinder as a defendant under either statute is enough like an intervenor, if indeed not technically such to bring him within the spirit of the court's comment in State v. Chavez, supra, on the right to file an affidavit of disqualification upon being let in the case. The statute was not available to petitioner.

It follows from what has been said that the alternative writ of prohibition was improvidently issued. It will now be discharged.

It is so ordered.

MABRY, C. J., and BICKLEY, BRICE, and LUJAN, JJ., concur.