THE STATE OF NEVADA UPON THE RELATION OF PAULINE KLINE, RELATOR, *v.* THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, THE HONORABLE FRANK E. McNAMEE PRESIDING JUDGE THEREOF, RESPONDENT.

No. 3774

December 2, 1953.                              264 P.2d 396.

*George E. Marshall,* of Las Vegas, for Relator.

*Ralli, Rudiak & Horsey,* of Las Vegas, for Respondent.

**OPINION**

By the Court, BADT, J.:

Relator's petition presents the questions (1) of the timeliness of the filing of an affidavit of prejudice under our statute, (2) the sufficiency of the affidavit, and (3) the question of implied waiver of the right to insist upon the disqualification.

Section 8407, N.C.L.1931–1941 Supp., under whose provisions the matter must be determined, reads in part as follows:

"A judge shall not act as such in an action or proceeding: * * *.

"Fifth, if either party to a civil action in the district court shall file an affidavit alleging that the judge before whom the action is to be tried has a bias or prejudice either against him or in favor of an opposite party to the action, such judge shall proceed no further therein, but either transfer the action to some other department of the court, if there be more than one department of said court in said district, or request the judge of some other district court of some other district to preside at the hearing and trial of such action.

"Every such affidavit must be filed before the hearing on any contested matter in said action has commenced, * * * ."

Was the affidavit in question filed before the hearing on any contested matter in said action had commenced?

Relator was defendant in an action pending in said district court. On application of the plaintiffs the court had entered a temporary restraining order restraining the demolishing of a certain structure, and had noticed their motion for a temporary injunction. At 10:00 a. m., August 12, 1953, the time set for the hearing of such motion, the court announced the same. Defendant's counsel then asked that the record show that he appeared for the defendant (the defendant's first appearance) and stated that he would like to make a preliminary motion. He then moved the association of a New York attorney. Counsel for plaintiffs announced that plaintiffs had no objection but the court denied the motion for "its own reasons." Counsel for plaintiffs then filed a substitution of attorneys and handed to defendant's attorney a certified copy of the plaintiffs' second amended complaint, which had just been filed by leave of court. Defendant's attorney then inquired of the court: "Are we proceeding on the second amended complaint?" and the court replied: "We will when you get ready, but I realize that it has taken you by surprise. If you wish to have the matter continued —." Defendant's counsel then asked the court to indulge him for 15

or 20 minutes to permit him to make a preliminary examination of the second amended complaint. "* * * I could determine then whether I would want to move against it or whether we would want to proceed in this matter." The court declared a recess. Some 25 minutes later the parties returned to the courtroom, court was reconvened and the following occurred according to the clerk's minutes—no reporter being then present: "On stipulation of counsel by the court ordered that the temporary restraining order heretofore issued herein shall remain in force until such time as a motion to vacate same has been ruled on by the court herein. Further ordered that the defendant be permitted 15 days in which to plead to the second amended complaint filed herein." Court then adjourned. Two days later, on August 14, 1953, defendant filed her affidavit of prejudice with counsel's certificate that the same was filed in good faith and without purposes of delay, and paid the statutory $25 fee. On August 18 the plaintiffs served and filed their motion to strike the affidavit, and on September 11 such motion was heard and submitted and the same was granted upon the ground that the affidavit was not timely filed.

Unless the defendant, relator herein, was precluded by reason of the fact that the hearing on a contested matter in said action had commenced, the judge was deprived of all discretion in the matter and it was his statutory duty to proceed no further. State ex rel. Stokes v. District Court, 55 Nev. 115, 27 P.2d 534. No cases in point have been cited by either party. Respondent insists that when the parties appeared in court in response to the notice and the court announced the case, the hearing commenced, and it was too late, under the statute, to file an affidavit of prejudice. But the parties had not even announced that they were ready to proceed with the hearing. Preliminary matters as to establishing who were counsel of record in the case and as to the

recess to permit counsel for defendant an opportunity to examine the second amended complaint were all without objection or contest. The orders that followed were made upon stipulation. In no sense are we able to say with any logic that the hearing of a contested matter in the action had commenced. Accordingly the filing was timely under the statute.

It is next contended by respondent that the relator's desire to disqualify the judge was waived by her having thereafter filed certain motions. These, however, were addressed to the court and not to the judge nor were they ever presented, argued or submitted. They did not, in our opinion, constitute a waiver.

Respondent's next attack is upon the sufficiency of the affidavit. As noted, the allegation required by the statute is that the judge "has a bias or prejudice either against him or in favor of an opposite party to the action." The affidavit filed by the defendant alleged that the judge "has a bias or prejudice either against her, or in favor of plaintiffs in said action." Relator contends that this affidavit, in its alternative wording, failing to allege definitely a bias or prejudice in favor of the plaintiffs or a bias or prejudice against the defendant, alleges neither and therefore "fails to accomplish what the statute prescribes." We agree that a construction of the statute is called for. No authorities in point have been cited.

The essence of recusation is the possession by the judge of an attitude which may impair his impartiality in the cause before him. Assuming that attitude to exist, whether it be one of prejudice against one litigant or, on the other hand, be one of bias or favor towards the other litigant would seem to be of little moment. In either event the result would be the same—lack of impartiality.

Our statute, however, makes reference to such a distinction. Did the legislature intend that the affidavit shall specify in which direction the bias or prejudice lay? If so the affidavit in the case before us would appear to be insufficient.

The language in question appears to have been taken from the federal statute. 28 U.S.C.A., sec. 144. That statute, however, also specified that the bias or prejudice must be "personal" and that facts and reasons in support of the charge must be stated. Our statute has eliminated both of these features and it is, therefore, difficult to see the significance of any specification of the direction of the bias or prejudice.

Our original statute (considered in State ex rel. Beach v. District Court, 53 Nev. 444, 5 P.2d 535) simply required the assertion that on account of bias, prejudice or interest of the judge the affiant could not obtain a fair and impartial trial. This remains the heart of the question. Under neither the original nor the present statute need facts and reasons be stated in support of the charge. A specification of the direction of the bias or prejudice without such facts and reasons certainly could add nothing to the "imputation for the disqualification" of the judge. See Clover Valley Lumber Co. v. District Court, 58 Nev. 456, 83 P.2d 1031, 1034.

The legislature, then, may not have intended by the language in question to require such a specification, but simply to tie the bias and prejudice to the litigation at hand. This would appear to be the more reasonable view. The language in question, then, would in effect be the equivalent of the former reference to a fair and impartial trial. Without such language in one form or the other there would be no indication that the bias and prejudice with which the judge was charged related to the cause.

If this be so then the assertion in the disjunctive cannot be said to be meaningless, or to be no imputation

whatsoever. The assertion simply is that bias or prejudice exists which, since it concerns the litigants, concerns the litigation at issue.

It is ordered that the respondent judge proceed no further in said action, but either transfer the action to some other department of the court or request the judge of some other district court of some other district to preside at the hearing and trial of said action, with due regard to the provisions of sec. 8407.02, N.C.L.1931–1941 Supp.

EATHER, C. J., and MERRILL, J., concur.