JASON TARSEY, APPELLANT, *v.* THE DUNES HOTEL, INC., A NEVADA CORPORATION, RESPONDENT.

No. 4168

September 11, 1959                    343 P.2d 910

*Ralston O. Hawkins,* of Las Vegas, for Appellant.

*Jones, Wiener & Jones,* of Las Vegas, for Respondent.

## OPINION

By the Court, McNAMEE, J.:

This is an appeal from the order denying appellant's motion to disqualify the Honorable John F. Sexton from acting as judge in the trial of the action below.

On December 10, 1956 Tarsey commenced suit against The Dunes Hotel, Inc. After the case was at issue, the trial was set for June 9, 1958 before the Honorable A. S. Henderson, but prior to said date of trial, the trial setting, on a contested motion for continuance, was vacated and reset for September 12, 1958 before Judge Henderson. On September 5, 1958 Judge Henderson by minute order made a general assignment of all matters in his department to Judge Sexton. Counsel for appellant was notified of this assignment on September 8, 1958 by counsel for respondent. On September 10, 1958, counsel for appellant filed a motion to disqualify Judge Sexton. In support thereof and pursuant to NRS 1.230(5), he filed at the same time appellant's affidavit alleging bias or prejudice, his own certificate as attorney that the affidavit was made in good faith and not for delay, and he paid to the clerk of the court the required fee.

On September 12, 1958, the said motion to disqualify was heard by Judge Sexton and denied. Appellant then stated to the court that he was not prepared to go to

trial at that time, whereupon the court granted respondent's motion to dismiss the action without prejudice.

NRS 1.230(5), provides in part as follows:

"A judge shall not act as such if either party to a civil action in the district court shall file an affidavit alleging that the judge before whom the action is to be tried has a bias or prejudice either against him or in favor of an opposite party to the action. The judge shall proceed no further therein but either transfer the action to some other department of the court, if there be more than one department of the court in the district, or request the judge of some other district court of some other district to preside at the hearing and trial of the action. Every affidavit must be filed before the hearing on any contested matter in the action has commenced, and if no contested matter has been heard in the action prior to the day of the trial thereof, then the affidavit must be filed at least 10 days before the date set for the trial of the action. No affidavit shall be filed unless accompanied by a certificate of the attorney of record for affiant that the affidavit is made in good faith and not for delay, and the party filing the affidavit for change of judge shall at the time of filing same pay to the clerk of the court in which the affidavit is filed $25 * * *."

Plainly, if Judge Henderson had given no assignment to any other judge after his hearing of the contested motion for continuance, neither party thereafter could have disqualified him under this section, and if he had heard no contested matter in the action, an affidavit charging him with prejudice was required to be filed at least ten days before the date of the trial.

This case, however, is complicated by the fact that after Judge Henderson had heard a contested matter therein, it was assigned to Judge Sexton less than ten days before the date set for the trial. Under such circumstances respondent claims that the said statute by its own limitations provides no remedy for disqualification of Judge Sexton and to hold otherwise would be judicial legislation liberalizing a statute which by its

very nature, and because of judicial authority,[1] should be strictly construed.

Such a limited construction of the statute would absolutely defeat the obvious intent of the legislature and that would in our opinion amount to judicial legislation in defiance of the wishes of both the bar and the legislature.

The proviso that the affidavit must be filed at least ten days before the date set for the trial obviously pertains to an affidavit of prejudice relating to the judge who has been the judge of the case for at least ten days before the date set for the trial. We therefore hold that when an action has been given a date certain for trial and within the period of ten days before that date the action is assigned to another judge for trial, either party before the trial and within said ten day period may avail himself of the ground for disqualification specified in said statute. In such event it would be immaterial whether or not prior to such assignment a contested matter had been heard in the action before a different judge.

Under a similar statute but one which required the affidavit of prejudice to be filed not less than three days prior to the time set for trial, in a case where the assignment to the allegedly prejudiced judge was made within 24 hours of the time of trial, the majority opinion in the case of Wolf v. Marshall, 120 Ohio St. 216, 165 N.E. 848, 849, contains these words: "* * * it is entirely self-evident that in such case the counsel cannot file an affidavit of prejudice against the trial judge more than three days before the day the cause is set for trial. To construe section 1687 as requiring such action upon the part of counsel is to charge the Legislature with enacting a law that amounts to a plain absurdity. A majority of this court are of the opinion that the Legislature did not intend to require the performance of an impossible

---

[1]State ex rel. Jacobs v. District Court, 48 Mont. 410, 138 P. 1091.

act; nor did it intend to so frame the law that a prejudiced judge might insist upon going ahead with the trial, notwithstanding the fact that an affidavit of prejudice had been filed by counsel at the earliest time that it could possibly be known that the case had been assigned for trial before such prejudiced judge."

We are not unaware of a seemingly contrary result in the case of Notargiacomo v. Hickman, 55 N.M. 465, 235 P.2d 531. This case, however, can be distinguished by the fact that for more than ten days before the beginning of the term of court, counsel was cognizant that the case would be tried by one of two designated judges from other districts. In New Mexico the procedure of filing provisional affidavits of prejudice against several judges is recognized. Under such circumstances the court stated that counsel had the opportunity to file a provisional affidavit against the one of claimed bias more than ten days before the beginning of the term of court.

Upon the filing of the affidavit of prejudice in compliance with the statute, it was the duty of the trial judge herein to proceed no further in said action other than to assign the action to another judge as provided by law. State ex rel. Kline v. District Court, 70 Nev. 172, 264 P.2d 396; State ex rel. Stokes v. District Court, 55 Nev. 115, 27 P.2d 534; State ex rel. Beach v. District Court, 53 Nev. 444, 5 P.2d 535; Stephens v. Stephens, 17 Ariz. 306, 152 P. 164; Wendel v. Hughes, 64 Ohio App. 310, 28 N.E.2d 686. His denial of the application to disqualify him was error.

Judgment reversed and cause remanded, with directions that proceedings be had in accordance with this opinion.

MERRILL, C. J., and BADT, J., concur.