THE STATE OF NEVADA ON THE RELATION OF C. W. MOORE AND JACK UTTER, RELATORS, *v.* THE FOURTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, THE HONORABLE TAYLOR H. WINES, PRESIDING JUDGE THEREOF, RESPONDENT.

No. 4459

September 28, 1961                    364 P.2d 1073

*Grubic, Drendel & Bradley,* of Reno, for Relators.

*Orville R. Wilson* and *Mann and Scott,* of Elko, for Respondent.

# OPINION

By the Court, BADT, C. J.:

Relators seek a writ of mandamus directing the respondent district judge to call in the district judge of some other district to preside at the hearing and trial of an action pending before the respondent judge. The petition grows out of said respondent's refusal to call in another judge despite the filing by relators, as parties to the pending action below, of the statutory affidavit of prejudice.[1]

The circumstances are as follows: A. R. Sartain sued Pioneer Title Insurance Company of Nevada (made a

---

[1]NRS 1.230(5) : "A judge shall not act as such if either party to a civil action in the district court shall file an affidavit alleging that the judge before whom the action is to be tried has a bias or prejudice either against him or in favor of an opposite party to the action. The judge shall proceed no further therein but either transfer the action to some other department of the court, if there be more than one department of the court in the district, or request the judge of some other district court of some other district to preside at the hearing and trial of the action. Every affidavit must be filed before the hearing on any contested matter in the action has commenced, and if no contested matter has been heard in the action prior to the day of the trial thereof, then the affidavit must be filed at least 10 days before the date set for the trial of the action. No affidavit shall be filed unless accompanied by a certificate of the attorney of record for affiant that the affidavit is made in good faith and not for delay, and the party filing the affidavit for change of judge shall at the time of filing same pay to the clerk of the court in which the affidavit is filed $25, which sum shall be by the clerk transmitted to the state treasurer who shall place the same to the credit of the district judges' traveling fund."

defendant simply because of its position as escrow holder) and Spring Creek Ranch Co., both being Nevada corporations, to recover a $25,000 cash deposit and a $175,000 draft, and to cancel a subsisting escrow. The complaint was apparently based on a written contract whereunder Sartain agreed to purchase, and Spring Creek agreed to sell, certain real property for the agreed sum of $200,000, and upon an alleged breach by Spring Creek. The latter answered alleging full performance, and filed a counterclaim and cross-claim seeking damages. Sartain and Pioneer Title both replied, the latter asking simply that the rights of the main parties be determined and the escrow fees paid.

These matters being at issue, Moore and Utter on May 3, 1961 filed their motion for leave to intervene and their proposed complaint in intervention. They alleged that they were licensed real estate brokers and had a written contract with Sartain for the payment of a $30,000 commission upon final closing of the sale. They alleged their performance, Sartain's willful breach of his contract with Spring Creek and his refusal to pay the commission, and sought judgment against Sartain for $30,000. The motion was made pursuant to NRCP Rule 24(b)[2] that the interveners' claim and the main action had a question of law and fact in common. The motion was presented in chambers on May 18, 1961, with all parties represented, and was submitted without argument, Sartain refusing, however, to stipulate to the intervention. The court on said date granted the order. The complaint in intervention was filed May 22, 1961 and Sartain answered June 8. On July 5, Sartain noticed for July 17 his motion to set the case for trial. At the hearing of the motion to set, Sartain asked for a trial date of September 5, while interveners asked for a trial later than October 15. Defendant sought a

[2]NRCP Rule 24(b) : "Permissive Intervention. Upon timely application anyone may be permitted to intervene in an action : (1) when a statute confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties."

date later in September. The court set the trial for September 18, 1961, without a jury.

On July 24, 1961 interveners filed a statutory affidavit of prejudice (see footnote 1) with the required affidavit and payment, and on August 14 Sartain, on notice, moved to strike the same on the ground that it had been untimely filed in that two contested matters (the motion for leave to intervene and the motion to set the cause for trial) had theretofore been heard. The court minutes show that the court granted the motion to strike the affidavit of prejudice, ordered that the trial proceed between the original parties on the date set, and that a separate trial be had before another judge on the claim of interveners. The court thereafter on August 23, 1961 made and filed an additional order reciting the previous order striking the affidavit because it was untimely filed, and stated further: "Now, therefore, pursuant to NRCP Rule 42(b),[3] the Court, on its own motion and to avoid prejudice, does hereby order, adjudge and decree: 1. That a separate trial be had as to the issues raised by the Complaint in Intervention and the Answers thereto. 2. That the Undersigned District Judge does hereby disqualify himself from hearing or deciding the issues raised in such separate trial."

Were our statutes and rules other than they are, and were our opinions in earlier appeals other than they are, we should be inclined to say that respondent's orders constituted a fair and reasonable disposition of the matter. We are, however, compelled to hold that the affidavit of prejudice was not untimely filed, and that the respondent judge was therefore deprived of all discretion in the matter and it was his statutory duty to proceed no further in the action other than to assign it to another judge as provided by law. Tarsey

---

[3]NRCP Rule 42(b) : "Separate Trials. The court in furtherance of convenience or to avoid prejudice may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues."

v. The Dunes Hotel, 75 Nev. 364, 343 P.2d 910; State
ex rel. Kline v. District Court, 70 Nev. 172, 264 P.2d
396; State ex rel. Stokes v. District Court, 55 Nev. 115,
27 P.2d 534; State ex rel. Beach v. District Court, 53
Nev. 444, 5 P.2d 535.

It remains then only to consider the two instances
of the asserted prior hearings of contested matters.

(1) We first consider the hearing of the petition for
leave to intervene. Bearing in mind that the right to file
a disqualifying affidavit is restricted by NRS 1.230 (5)
to a *party* to a civil *action*, it is evident that Moore and
Utter were not parties to the action at the hearing of
their intervention petition. They did not become parties
to the action until they had filed their complaint in
intervention pursuant to the leave granted by the court.
It is true that they were parties to an ancillary pro-
ceeding, but this did not qualify them to file an affidavit
of prejudice. It is not without significance that all the
provisions of the preceding sections 1, 2, 3, and 4 of
NRS 1.230 having to do with the disqualifying of the
judge for actual or implied bias prohibit him from
acting in the particular action *or proceeding*. This can-
not be characterized as a mere inadvertence of the
legislature. Significant, too, is the fact that our original
disqualification statute (Sec. 2464, Baily & Hammond,
General Stats. 1885; Sec. 2545, Cutting, Compiled Laws,
Stats. 1864–65, p. 116, Chap. XIX, Sec. 45) precluded
a judge from acting as such in an action *or proceeding*
to which he is a party or in which he has an interest,
or where he is related to the parties, etc. And any party
to such *proceeding* might file the charge of actual or
implied bias. Not so under subsection (5). Moore and
Utter, not being parties to the action at the time of the
intervention hearing, had no statutory right at that
time to file an affidavit of prejudice under subsection
(5). They were therefore not precluded by the require-
ment that a party to the action file the affidavit before
the hearing of a contested matter. They could not be
prejudiced by not doing an act that they had no right
to do.

(2) The other prior asserted hearing of a "contested matter" relates to the hearing of plaintiff's motion[4] to set the cause for trial, at which the several parties requested different dates. Whether or not this was a "contest," we are satisfied that the statute expressly excluded it from the requirement: "Every [such] affidavit [of prejudice] must be filed before the hearing on any contested matter * * *." Subsection (7) of the rule expressly provided: "This section shall not apply to the arrangement of the calendar or the regulation of the order of business." We are not impressed with respondent's arguments distinguishing a setting on motion from a simple listing of cases with the trial dates of each—the latter being characterized as the true picture of what is meant by a court's "calendar." As applied to this issue subsection (7) requires no construction.

(3) Respondent contends that interveners may not take advantage of the recusation statute, that they must take the case as they find it. It is true that the Supreme Court of New Mexico held in Harms v. Coors, 50 N.M. 12, 167 P.2d 353, 354, "that considerations controlling upon the right of intervention clearly reject as a right in the intervenor the benefit of a statutory disqualification of the judge." In the earlier case of State ex rel. Lebeck v. Chavez, 45 N.M. 161, 113 P.2d 179, the same court rejected the right of recusation in the interveners because they had not yet become parties at the time they filed the affidavit of disqualification. In a special concurring opinion Sadler, J., rejected this ground for denying the right to challenge the judge. However this may be,[5] the theory that interveners "must take the case as they find it," though perhaps true in some respects, has no great force under NRCP Rule 24 under

---

[4]Under the provisions of District Court Rule 11(2) this was in reality not a "motion" but an "application."

[5]The New Mexico cases may be distinguished by reason of New Mexico's statutory provisions for intervention in an action *or proceeding* and because the intervention in the Chavez case was made after long delay and with a promise of further delay.

the circumstances of this case. It is true that this rule was an outgrowth of the Federal Equity Rule 37, which provided that "intervention shall be in subordination to, and in recognition of, the propriety of the main proceeding." Our present Rule 24(b) has not (nor has Rule 24(a) governing Intervention of Right) any such provision, and by implication this omission negatives the subordination requirement of the old Equity Rule 37. See discussion in 4 Moore's Fed. Prac., 2d Ed., sec. 2405.

This being so, it is not surprising to find numerous expressions by the federal courts that under Rule 24 an intervener is, for all intents and purposes, an original party and interveners are treated as if they had been original parties to the suit. In re Raabe, Glissman & Co., Inc., D.C., 71 F.Supp. 678; Rice v. Durham Water Co., C.C., 91 F. 433.

The only conclusion that we can draw from these expressions is that an intervener has the same right of recusation as has any one of the original parties. This was expressly held in City of San Diego v. Andrews, 195 Cal. 111, 231 P. 726, 728. There the City of San Diego had commenced an action to quiet title to the waters of the San Diego River. The California statute required that in an action of that nature the judge of the superior court of the county "shall be disqualified to sit or act" unless the parties stipulated to waive the disqualification. The several original parties did so stipulate but a subsequent intervener refused. Mandamus was sought to compel the judge to act, in reliance upon the general rule that one who intervenes in an action is bound by the record of the action at the time of intervention, and that the intervener could not disqualify the judge. The court held that it would "be an unwarranted application of the general rule to hold that it would require an intervener to try his case before a disqualified judge. The mere suggestion of such a holding would seem to be its refutation." Elsewhere

the court said: "* * * [A]fter the intervention had taken place, [interveners] became parties to the action, interested with the defendants 'in resisting the claims of the plaintiff,' and as such parties 'they are entitled to avail themselves of all the procedures and remedies to which the defendant would be entitled for the purpose of defeating the action, or resisting the claim of plaintiff.' (Citing cases.) [The intervener], when leave to intervene was granted, was therefore in legal effect a party defendant in said action and as such had the right to interpose the objection to the respondent sitting or acting in the case."

(4) Respondent next contends that in any event mandamus would afford relators no relief because the respondent judge has already ordered a separate trial on relators' complaint in intervention before another judge. However, after the filing of the affidavit of prejudice, the statute required that the judge "shall not act * * * shall proceed no further * * *" other than to assign the case, with the intervener as a party, to another judge. Tarsey v. The Dunes Hotel, 75 Nev. 364, 343 P.2d 910; State ex rel. Kline v. District Court, 70 Nev. 172, 264 P.2d 396; State ex rel. Stokes v. District Court, 55 Nev. 115, 27 P.2d 534. The order for separate trial accordingly has no validity.

The alternative writ of mandamus heretofore issued is hereby made permanent, and the respondent judge is hereby required to call in the district judge of some other district in this state to preside at the hearing and trial of the pending case wherein A. R. Sartain is plaintiff and Spring Creek Ranch Co. and another are defendants and C. W. Moore and Jack Utter are interveners.

MCNAMEE and THOMPSON, JJ., concur.