STATE OF NEVADA ex rel. JONATHAN A. SIS-
SON, Petitioner, v. CLEL GEORGETTA, as
District Judge of the Second Judicial District
Court of the State of Nevada, in and for the
County of Washoe, Respondent.

No. 4502

April 4, 1962                                    370 P.2d 672

*Sinai & Sinai,* of Reno, for Petitioner.

*Breen, McDonald and Young,* of Reno, for Respondent.

## OPINION

*Per Curiam:*

This is an original petition to this court for writs of mandamus and prohibition restraining respondent district judge, in general, from proceeding further in an action entitled Shirlee Vaughn Sisson, plaintiff, v. Jonathan A. Sisson, defendant, after petitioner had served and filed therein a statutory affidavit of prejudice disqualifying respondent. More particularly, petitioner seeks (1) a writ of mandamus ordering respondent to direct his official reporter to take no further action in transcribing, filing, or distributing certain statements made by the court after the filing of such affidavit; (2) in the event that such transcription had been completed and filed, a writ of mandamus directing respondent to expunge the same from the record; and (3) a writ of prohibition restraining respondent from taking any further action in the case except to assign the same to another judge.

The following facts appear from the petition and answer: Petitioner Jonathan A. Sisson is the defendant and Shirlee Vaughn Sisson is the plaintiff in a divorce action pending in the respondent court in which Shirlee sought custody of the three minor children of the parties. On December 30, 1960, said court entered its judgment and decree granting Shirlee a divorce and awarding her the custody of the children. Jonathan appealed to this court, which, on December 13, 1961, filed its opinion affirming that part of the judgment granting Shirlee a divorce but reversing as to child custody, and granting the sole custody of the three minor children to Jonathan, subject to rights of visitation in Shirlee. Sisson v. Sisson, 77 Nev. 478, 367 P.2d 98.

On January 16, 1962, Shirlee filed a motion for change

of custody and a motion for temporary custody, with affidavits in support thereof, whereupon respondent issued an order directed to Jonathan to show cause, on January 26, 1962, at 3:00 p. m., why temporary custody should not be given to Shirlee pending determination of her motion for change of custody. On January 18, 1962, pursuant to motion of Shirlee, respondent reset said hearing for January 19, 1962, at 4:30 p. m. On January 19, 1962, at 4:06 p. m., Jonathan filed and served upon respondent a statutory affidavit of prejudice, pursuant to the terms of NRS 1.230(5), disqualifying the judge, and paid the statutory fee. At 4:30 p. m., on said 19th day of January, 1962, the court continued until the next judicial day, January 22, 1962, the motions before it, and on January 22 made a lengthy statement of the history of the case for the record, and directed his court reporter to record the same.

The foregoing facts are all admitted. The answer to the petition, however, refers to and makes a part thereof an affidavit executed by respondent containing "Chronology of Facts and Events," and a discussion of and argument on the sufficiency of the petition, occupying 24 pages, to which is attached a partial transcript containing a colloquy between respondent and his court reporter, from which it developed that the reporter had completed his transcribing of the record of respondent's statements, and that respondent had then ordered, in accordance with the alternative writ issued by this court, that the reporter refrain from distributing copies of the transcript or disclosing the contents thereof. We heretofore granted petitioner's motion to strike the affidavit. It is reasonable to presume that the statement of January 22, 1962, which petitioner seeks to expunge from the record, follows the lines of the stricken affidavit and criticizes counsel for the petitioner.

Under these circumstances respondent asks (1) that this court order and decree that the petition fails to state a claim upon which relief can be granted; (2) that the alternative writ of mandamus and the alternative writ of prohibition heretofore issued be quashed;

(3) that any additional or further relief be denied petitioner; and (4) (asuming that this court has jurisdiction, or should desire to exercise any discretion in the premises) that it first order the entire official record, "including transcripts of all proceedings in the said case of Sisson v. Sisson," (and apparently including the transcript of the court's remarks, attacked by the present proceedings as having been made after respondent had lost jurisdiction by reason of the affidavit of prejudice), to be filed in this court.

We are interested only in the points of law raised by respondent in opposition to the petition for mandamus and prohibition. They appear to be as follows:

1. It is contended that the judgment entered by the clerk of the district court upon the filing of the remittitur from this court was void because not within the purview of NRCP 76A (a) and was in violation of NRCP 55 (b) (1) and (2). Such contentions were raised for the first time when the court assumed the bench for oral argument on March 22, 1962. At that moment there was presented to the court a pleading entitled "Amended Answer," a copy of which had just been served upon petitioner. No leave of court had been obtained. The judgment in the case had not theretofore been thus attacked either in the pleadings or in respondent's brief. To the contrary, the validity of said judgment had been acknowledged by Shirlee, and the present attack on it waived through the filing of her motion to amend the provisions of said judgment with reference to the custody of the minor children of the parties to the main action, and a further motion for temporary award of custody to Shirlee pending the hearing of said motion, and the obtaining of an order of court setting the date of hearing of such motions. The contention will not be now considered. It is in any event without merit. Rule 55 is entitled "Default" and provides the circumstances in which judgment *by default* may be entered by the clerk in which judgment *by default* is entered through application to the court. Under NRCP 76A (a) the clerk of the district court,

upon receipt of a certificate by the clerk of the supreme court, is required "to attach the certificate to the judgment and enter a minute of the judgment of the Supreme Court on the docket against the original entry." This ministerial act was accomplished by the clerk of the district court.

2. It is next contended that the affidavit of prejudice was not timely filed, because it is required by the provisions of NRS 1.230 (5), that the affidavit be filed at least ten days before the date set for the trial of the action. In the instant case the affidavit was filed only seven days before the time set for the hearing of the motions to change custody. Thus, such period of ten days did not exist between the notice and the time set for hearing, and the rule was accordingly not applicable. Tarsey v. Dunes Hotel, 75 Nev. 364, 343 P.2d 910. The argument is without merit.

3. It is nonetheless asserted that, even so, the making, transcribing, and filing of respondent's statements were within the court's inherent right to make the record speak the truth and were thus entirely within the court's jurisdiction, despite the filing of the affidavit of prejudice. We do not agree. The action thus taken by respondent was in the course of proceedings in the case of Sisson v. Sisson at a time when the respondent had lost power to do anything further in the case except to transfer the action to another judge. Moore v. District Court, 77 Nev. 357, 364 P.2d 1073; State ex rel. Kline v. District Court, 70 Nev. 172, 264 P.2d 396; Tarsey v. Dunes Hotel, supra; State ex rel. Stokes v. District Court, 55 Nev. 115, 27 P.2d 534; Beach v. District Court, 53 Nev. 444, 5 P.2d 535.

4. Respondent further contends that neither prohibition nor mandamus is a proper remedy. The remedy is one, however, under which this court has heretofore granted relief, Moore v. District Court, supra, and Stokes v. District Court, supra, and was proper.

Considerable discussion arose out of the problem of the assignment of this case by respondent. Both parties appear to agree however that the case was originally assigned by respondent, with the consent of the parties, to Honorable Peter Breen of the Fifth District, and that upon Judge Breen's refusal to accept the assignment, it was assigned, again with the consent of counsel, to Honorable Richard L. Waters, Jr., of the First District. There is no occasion, therefore, for the issuance of a writ of mandamus ordering the assignment of the case to another district judge.

It further appears that upon the receipt of the alternative writ issued by this court, respondent has already ordered his court reporter to cease and desist from distributing copies or in any manner disclosing to anyone until the further order of the court the statements made by respondent in open court on January 19 and January 22, 1962, and that the said statements have not been made a matter of record in respondent's court. Such order remains and shall remain in effect. There is accordingly no occasion for any order expunging any part of the record or for directing any further orders by respondent to his court reporter.

It is hereby ordered that the alternative writ of prohibition commanding respondent to desist and refrain from any further proceedings in said action, save and except an order or orders transferring said action to another judge as provided by law, be, and the same hereby is, made permanent.