OPINION

Per Curiam:

These consolidated water appropriation cases present two issues of statutory construction in the context of a motion for a peremptory challenge and a motion for a change of venue. Specifically, *1027 the appellants and petitioner ask this court to interpret the words and' the phrase “appealed from a lower court” in SCR 48.1 and the phrase “the matters affected” in NRS 533.450(1). For the reasons set forth herein, we conclude that the district court erred in refusing to grant the Tribe’s peremptory challenge; we therefore grant the mandamus petition. As the district court lacked authority to act once the peremptory challenge was filed, we vacate the district court’s venue order and do not reach the merits of the appeal in Docket No. 33945.

FACTS

At a hearing on May 31, 1994, Michael Turnipseed, the State Engineer of the State of Nevada (the “Engineer”) considered several applications to appropriate previously unappropriated waters of the Truckee River. The applicant pool included the Truckee-Carson Irrigation District (the “District”) and the Pyramid Lake Paiute Tribe of Indians (the “Tribe”).
Four days before the hearing, Corkill Brothers, Inc., a Nevada corporation holding water rights in Churchill County, filed a motion to intervene in the proceedings as a real party in interest to the District’s application. At the hearing, the Engineer denied both Corkill’s motion to intervene and the District’s application, and proceeded to consider the remaining applications. Consequently, on June 29, 1994, Corkill filed a petition for judicial review in the Third Judicial District Court located in Churchill County, challenging the Engineer’s denial of Corkill’s motion to intervene and requesting an order staying the Engineer’s decision. The next day, the District filed a petition for judicial review and stay in the Third Judicial District Court challenging the Engineer’s denial of the District’s application.
On July 5, 1994, the district court entered an order staying the Engineer’s decision. Soon thereafter, the Engineer filed separate motions to vacate the adverse motions and to consolidate Corkill and the District’s petitions for judicial review. The district court issued an order on February 1, 1995, consolidating the petitions for review, reversing the Engineer’s denial of Corkill’s motion to intervene, and remanding the Engineer’s denial of the District’s application.
On reconsideration, the Engineer again denied the District’s application on August 14, 1998. The District again petitioned for review of the Engineer’s decision on reconsideration in the Third Judicial District Court. The petition was later removed to the U.S. District Court for the District of Nevada and later remanded back to the Third Judicial District Court.
On November 24, 1998, the Engineer issued a final decision denying all but the Tribe’s applications. On December 17 and 18, *1028 1998, the District and Corkill, respectively, filed petitions in the Third Judicial District Court requesting judicial review and a stay of the Engineer’s decision. The District considered the Third Judicial District to be the appropriate venue for the action because the Engineer’s respective grants and denials of the unappropriated water would deprive the District of water it proposed to use for farming activities on the Newlands Reclamation Project, situated within the Third Judicial District. The case was assigned to the Honorable Archie E. Blake.
The Tribe intervened as a real party in interest and on December 21, 1998, filed a peremptory challenge of Judge Blake pursuant to SCR 48.1 in both the District and Corkill’s actions.[1] The District and Corkill thereafter filed motions to strike the chal-' lenge. On February 3, 1999, Judge Huff of the Third Judicial District granted the motion to strike the peremptory challenge. Thereafter, the Tribe petitioned this court for a writ of mandamus compelling the district court to grant its peremptory challenge.
On the same day that the Tribe filed its peremptory challenge, December 21, 1998, the Engineer filed a demand and a motion for change of venue contending that venue was only proper in Washoe County because the appropriation of the waters in dispute did not affect Churchill County. Corkill opposed the motion, arguing that the Engineer had waived his right to challenge venue. The district court denied the Engineer’s motion for change of venue.
The Engineer now appeals the district court’s amended order issued March 22, 1999, denying his motion to change venue. This court consolidated the Tribe’s petition for a writ of mandamus and the Engineer’s appeal of the district court’s order denying the change of venue.

DISCUSSION

The Tribe argues that it was entitled to a peremptory challenge of Judge Blake pursuant to SCR 48.1. Having had its peremptory challenge stricken by Judge Huff below, the Tribe now seeks a writ of mandamus compelling Judge Blake to relinquish the matter for reassignment.
This court may issue a writ of mandamus to “compel the performance of an act which the law requires as a duty resulting from an office, trust or station, NRS 34.160, or to control an arbitrary or capricious exercise of discretion.” Panko v. District Court, 111 *1029 Nev. 1522, 1525, 908 P.2d 706, 708 (1995). Extraordinary relief is the appropriate remedy when the district court improperly grants or fails to grant a peremptory challenge under SCR 48.1. See id.; cf. State, Dep’t Mtr. Veh. v. Dist. Ct., 113 Nev. 1338, 1342-43, 948 P.2d 261, 263 (1997) (granting a petition for a writ of prohibition to arrest the proceedings of the district court after it improperly struck a peremptory challenge). A writ of mandamus may be issued only “where there is not a plain, speedy and adequate remedy in the ordinary course of the law.” NRS 34.170.
SCR 48.1 provides a party in a civil action the right to a change of judge, stating in relevant part,
1. In any civil action pending in a district court, which has not been appealed from a lower court, each side is entitled, as a matter of right, to one change of judge by peremptory challenge. . . .
5. A notice of peremptory challenge may not be filed against any judge who has made any ruling on a contested matter or commenced hearing any contested matter in the action. . . .
(Emphasis added.)
The right to peremptory challenge promotes judicial fairness by allowing a party to disqualify a judge that it believes is unfair or biased. See Smith v. District Court, 107 Nev. 674, 677, 818 P.2d 849, 852 (1991). The Smith court recognized the inherent danger in allowing an unqualified right to peremptory challenges, explaining that the limitations imposed in SCR 48.1 are designed to discourage “judge shopping” and dilatory tactics. Id.
The District contends that the Tribe was not entitled to a change of judge as a matter of right because the Tribe’s motion for peremptory challenge: (1) was filed in an action that had been appealed from a lower court; and (2) was filed against a judge who had made a prior ruling on contested matters in this case. We consider each contention in turn.
A. Appeal from a lower court
The District contends that the office of the Engineer is a lower court because it acts as the exclusive trier of fact in water appropriation cases. Indeed, the district court is required to give deference to the Engineer’s decision and only conducts a de novo review of legal conclusions. See State Engineer v. Morris, 107 Nev. 699, 701, 819 P.2d 203, 205 (1991) (holding that reviewing courts will review the Engineer’s decision for substantial evidence). Furthermore, NRS 533.450(1) describes the process for *1030 reviewing the Engineer’s decision as being “in the nature of an appeal.’ ’
Notwithstanding the foregoing, we conclude that administrative agencies, such as the office of the Engineer, are not “lower courts’’ for purposes of SCR 48.1. First, we observe that lower courts are defined by statute and include family courts, justices’ courts, and municipal courts. See NRS 3.223, 4.370, 5.050. In contrast, the Nevada statutes defining the courts of this state do not define the Engineer or any other administrative agency as a lower court. See id. Moreover, the policy sustaining the right to peremptory challenge supports its allowance in circumstances such as this, where a party seeks district-court review of an administrative agency’s decision. Specifically, the same concerns regarding bias and unfairness exist and, therefore, the parties should be allowed to address such concerns through a peremptory challenge.
Accordingly, we conclude that the action before Judge Blake was not an “appeal” for purposes of SCR 48.1.
B. Ruling on a contested matter
The District next contends that Judge Blake ruled on various contested matters in 1994 and 1995[2] and, therefore, pursuant to SCR 48.1(5), the Tribe is not permitted to file a peremptory challenge against him. In so arguing, the District asserts that, by virtue of the Tribe’s status as a real party in interest in the District’s application before the Engineer, the Tribe was a de facto party to the following: Corkill’s petition for review of the Engineer’s denial of Corkill’s motion to intervene, the District’s petition for review of the Engineer’s denial of the District’s application, the Engineer’s motion to consolidate the forgoing actions, and the District’s subsequent petition for review of the Engineer’s decision upon reconsideration — which again denied the District’s application (collectively the “ancillary proceedings”).
We observe, however, that SCR 48.1(5) precludes a peremptory challenge against “any judge who has made any ruling on a contested matter ... in the action” (emphasis added). Thus, before inquiring whether the district court judge had ruled on a contested *1031 matter before the Tribe filed its peremptory challenge, we must first determine whether the proceedings spanning from 1993 to 1998, when Corkill and the District petitioned for review of the Engineer’s latest order, constitute the same “action.” We conclude that the Engineer’s various decisions and the resulting petitions to the district court for review thereof constitute distinct and separate actions.
In so concluding, we first note that the statute allowing for review of the Engineer’s orders states that “[a]ny person feeling himself aggrieved by any order or decision of the state engineer . . . may have the same reviewed by a proceeding for that purpose” in the proper district court. NRS 533.450(1) (emphasis added). Although the Engineer is generally not required to dispose of individual applications piecemeal, as the Engineer has done in this matter, and, although the district court may later consolidate related review actions, NRS 533.450 imposes no requirement that decisions trickling out of the same applicant pool be consolidated or otherwise heard together. Thus, NRS 533.450(1) allows separate actions to petition for review of the Engineer’s decisions. Furthermore, although the District argues that the Tribe participated in the ancillary proceedings, we find no indication in the record that the Tribe actually participated or formally intervened in the ancillary proceedings prior to 1998.[3]
Our conclusion on this point finds further support in the fact that the Tribe’s interest in the District’s and Corkill’s petitions for review of the Engineer’s decision changed dramatically when, upon the Engineer’s ultimate decision' disposing of the remaining applications, the Tribe’s status changed from applicant to victor. Prior to that time, as one applicant among many, the Tribe could not reasonably have foreseen that its rights in a future action reviewing the Engineer’s ultimate decision could be foreclosed by the outcome of an ancillary proceeding. See Moore v. District Court, 77 Nev. 357, 363, 364 P.2d 1073, 1077 (1961) (holding that an intervening party was not precluded from filing an affidavit to disqualify a judge despite the fact that there had been an earlier motion to set the cause for trial because the intervenors did not become “parties” to the action until their motion for intervention was granted).
Moreover, although the ancillary proceedings related to the appropriation of the water in question, they merely addressed the question of whether the District should be poured back into the applicant pool and did not address the core question regarding which applicant was entitled to the water. Thus, the judicial *1032 review of the Engineer’s ultimate decision and the previous ancillary proceedings were fundamentally different actions.
We conclude, therefore, that the district court did not rule on a contested matter or consider an appeal from a lower court and that the Tribe’s peremptory challenge was therefore not precluded by SCR 48.1(5). Accordingly, we conclude that the district court erred in striking the Tribe’s peremptory challenge. We thus grant the petition for a writ of mandamus in Docket No. 34134.
In Docket No. 33945, the parties raise various contentions regarding the propriety of Judge Blake’s denial of the Engineer’s motion for change of venue. Once a timely challenge is filed under SCR 48.1, however, the challenged judge loses “the power to do anything further in the case except to transfer the action to another judge.” Whitehead v. Comm’n on Jud. Discipline, 111 Nev. 70, 161, 893 P.2d 866, 922 (1995) (quoting Sisson v. Georgetta, 78 Nev. 176, 180, 370 P.2d 672, 674 (1962)). Because the Tribe’s peremptory challenge should have been granted, Judge Blake did not have authority to do anything further in the cases, and therefore, any orders issued after the challenge are invalid. Accordingly, we do not address the parties’ arguments regarding venue, as any such analysis would constitute an advisory opinion. See Applebaum v. Applebaum, 97 Nev. 11, 12, 621 P.2d 1110, 1110 (1981) (“This court will not render advisory opinions on moot or abstract questions.”); see also Nev. Const. art. 6 § 4.

CONCLUSION

We conclude that the district court erred in failing to grant the Tribe’s peremptory challenge and that the Tribe does not have a plain, speedy, and adequate remedy at law to otherwise address the error. Accordingly, in Docket No. 34134, we grant the Tribe’s petition and direct the clerk of this court to issue a writ of mandamus compelling the district court to vacate its order striking the peremptory challenge, reassign the matter to a different judge, and to vacate all orders entered in this matter after the date on which the Tribe’s peremptory challenge was filed. With respect to Docket No. 33945, as Judge Blake lacked authority to rule on the motion for change of venue, we vacate the district court’s order denying the motion.[4]

 The district court, specifically Judge Blake, consolidated Corkill and the District’s petitions for review on February 16, 1999.

 The District asserts that Judge Blake ruled on the following issues in 1994 and 1995: (1) Corkill’s motion to intervene; (2) Corkill’s petition for judicial review of and motion to stay the Engineer’s decision denying its application for water rights; (3) the District’s petition for the same; (4) the Engineer’s motion to consolidate Corkill’s and the District’s petitions for review.

 For the reasons stated, the fact that the Tribe participated in the proceeding before the U.S. District Court in the fall of 1998 does not affect our conclusion.

 The Honorable A. William Maupin, Justice, did not participate in the decision of this matter.