**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
                    *Plaintiff,*

          and

PYRAMID LAKE PAIUTE TRIBE OF
INDIANS,
          *Petitioner-Appellant,*

          v.

ORR WATER DITCH COMPANY,
                    *Defendant,*

          and

CHURCHILL COUNTY; TRUCKEE-
CARSON IRRIGATION DISTRICT;
CITY OF FALLON; CITY OF FERNLEY;
TRUCKEE MEADOWS WATER
AUTHORITY; NEVADA STATE
ENGINEER,
          *Respondents-Appellees.*

No. 03-16654

D.C. Nos.
CV-73-00003-LDG
A-3-LDG

2331

United States of America,
             *Plaintiff-Appellant,*

and

Pyramid Lake Paiute Tribe of
Indians,
                      *Petitioner,*

v.

Orr Water Ditch Company,
             *Defendant-Appellee,*

and

Churchill County; Truckee-
Carson Irrigation District;
City of Fallon; City of Fernley;
Truckee Meadows Water
Authority; Nevada State
Engineer,
             *Respondents-Appellees.*

No. 03-16941

D.C. No.
CV-73-00003-LDG

ORDER
AMENDING
OPINION AND
DENYING
REHEARING AND
AMENDED
OPINION

Appeal from the United States District Court
for the District of Nevada
Lloyd D. George, District Judge, Presiding

Argued and Submitted
June 24, 2004—San Francisco, California
Submission Withdrawn July 13, 2004
Resubmitted December 7, 2004

Filed December 14, 2004
Amended March 1, 2005

Before: Mary M. Schroeder, Chief Judge,
Michael Daly Hawkins, and William A. Fletcher,
Circuit Judges.

Opinion by Judge William A. Fletcher

**COUNSEL**

Robert S. Pelcyger, Fredericks, Pelcyger & Hester, Louisville, Colorado, for the petitioner-appellant.

Richard G. Campbell, Senn Palumbo Meulemans, Reno, Nevada; Michael J. Van Zandt, McQuaid, Bedford & Van Zandt, San Francisco, California; Michael F. Mackedon, Mackedon & McCormick, Fallon, Nevada; Rebecca Ann Harold, Fernley, Nevada; Gordon H. DePaoli, Woodburn and Wedge, Reno, Nevada; Michael L. Wolz, Office of Nevada Attorney General, Carson City, Nevada, for the respondents-appellees.

**ORDER**

This court's opinion, filed December 14, 2004, slip op. 16855, is hereby amended as follows:

> At slip. op. 16864, in the second paragraph of subsection C, change "We have consistently held that

state law governs applications to change the use of water rights under the *Orr Ditch* Decree." to "We have consistently applied state law to applications to change the use of water rights under the *Orr Ditch* Decree." In the third sentence of the same paragraph, change "In reaching this conclusion, we have been guided by the policies underlying the 1902 Reclamation Act, which the Supreme Court has construed to require that "state water law . . . control in the appropriation and later distribution of the water." to "In doing so, we have been guided by the policies underlying the 1902 Reclamation Act, which the Supreme Court has construed to require that "state water law . . . control in the appropriation and later distribution of the water."

With the opinion as amended, the panel has voted to deny the petition for rehearing.

The petition for rehearing, filed January 28, 2005, is **DENIED**. No subsequent petitions for rehearing or rehearing en banc may be filed.

## OPINION

W. FLETCHER, Circuit Judge:

In this case, we consider whether a Nevada statute providing for an automatic stay of the State Engineer's decisions applies to federal proceedings under the *Orr Ditch* Decree. Because we find that Nev. Rev. Stat. § 533.450 is an integral part of Nevada water law rather than a generally applicable rule of civil procedure, we conclude that it does.

### I.   Background

The underlying case arises from a 1944 federal court decree quieting title to certain water rights in the Truckee River. The

Truckee River originates in California, flows into Nevada, and terminates in Pyramid Lake, the principal natural feature of the Pyramid Lake Reservation. Acting under authority granted to it by the Reclamation Act of 1902, 32 Stat. § 388, the federal government established the Newlands Reclamation Project to divert water for irrigation from the Truckee and Carson Rivers. Because private landowners and the Indians of the Pyramid Lake Indian Reservation possessed pre-existing water rights in the rivers, in 1913 the United States sued in federal district court to quiet title to all water rights in the project area. More than thirty years later, the federal district court in Nevada entered its final decree adjudicating water rights in the Truckee Division of the project. *United States v. Orr Water Ditch Co.*, Equity No. A-3 (D. Nev. 1944). Known as the *Orr Ditch* Decree, this decree allows parties to change the "place, means, manner or purpose of use of the waters to which [the party is] so entitled" as long as they do so "in the manner provided by law." *Id.*

Pursuant to this decree, the Pyramid Lake Paiute Tribe of Indians and the United States, as trustee for the Tribe, sought in 2001 to make temporary changes to two water rights, Claim No. 1 and Claim No. 2 of the *Orr Ditch* Decree, in order to allow water formerly used for irrigation of Indian lands to flow into Pyramid Lake, where it would help preserve the Tribe's fishery. Following the procedures mandated by the *Orr Ditch* decree, the Tribe and the United States applied to the Nevada State Engineer for an initial adjudication. On December 6, 2002, the Engineer issued a ruling granting the applications in part. Although the Engineer allowed fewer acre-feet than the Tribe had sought, his ruling was largely favorable to the Tribe and the United States.

In January 2003, the City of Fallon and the Truckee-Carson Irrigation District appealed the State Engineer's ruling to federal district court in Nevada. In their appeal, the City of Fallon and the Irrigation District sought to invoke Nev. Rev. Stat. § 533.450(5), which allows a party to obtain an automatic stay

of the State Engineer's ruling on a change application upon timely request and the posting of a bond.[1] The United States and the Tribe opposed the stay request. They argued that the stay was a procedural matter that should be decided according to the relevant Federal Rules of Civil Procedure — principally Rule 65, which governs the availability of injunctions.[2]

Unlike Nev. Rev. Stat. § 533.450(5), Rule 65 cannot be invoked automatically. Before issuing a preliminary injunction under Rule 65(a), the district court must give "notice to the adverse party" and conduct a hearing. Subsection (d) of Rule 65 further requires that a court order granting an injunction must "set forth the reasons for its issuance." The United States and the Tribe argued that the district court was required to follow the more demanding procedures of Rule 65 before reaching the decision to grant a stay.

The district court rejected this argument. Noting that "[t]his court has previously ruled in the *Orr Ditch* litigation that 'in the manner provided by law' means in accordance with Nevada state procedure," it held that Nev. Rev. Stat. § 533.450(5) governed the issuance of a stay of the State Engineer's ruling. Applying this statute, the district court

---

[1] Nev. Rev. Stat. § 533.450(5) provides that "[a] bond shall not be required except when a stay is desired, and the proceedings provided for in this section are not a stay unless, within 5 days following the service of notice thereof, a bond is filed in an amount to be fixed by the court, with sureties satisfactory to such court, conditioned to perform the judgment rendered in such proceedings." In *Turnipseed v. Truckee Carson Irrigation District*, Nos. 33945, 34134 (Nev. Sept. 13, 2000), the Nevada Supreme Court held that this provision authorizes an automatic stay "condition[ed] . . . on nothing more than a timely request and the posting of a bond acceptable to the court."

[2] The United States and the Tribe initially suggested that Fed. R. Civ. P. 62(c), which provides for discretionary injunctions pending appeal, and Fed. R. Civ. P. 62(d), which provides for an automatic stay in appeals of money judgments, might also potentially be relevant. However, their argument on appeal focuses on Fed. R. Civ. P. 65. The precise federal Rule at issue does not bear materially on the resolution of this case.

issued the requested stay upon payment of two $1,000 bonds by the City of Fallon and the Irrigation District.

The United States and the Tribe timely appealed. On March 9, 2004, while this appeal was before us, the district court decided the merits of the underlying appeal from the State Engineer's ruling. The district court largely affirmed the Engineer, sustaining the Engineer's decision that the Tribe is entitled to transfer the water rights under Claims No. 1 and 2 from irrigation to in-stream uses in furtherance of the Pyramid Lake fishery. The effect of this ruling on the merits is to dissolve the stay issued by the district court on August 1, 2003. The City of Fallon and the Irrigation District contend that the district court's decision renders the appeal moot.

The district court's ruling that Nevada law, rather than the Federal Rules of Civil Procedure, governs the motion for a stay is reviewed de novo. *Abogados v. AT&T, Inc.*, 223 F.3d 932, 934 (9th Cir. 2000). ("A district court's decision concerning the appropriate choice of law is reviewed de novo.").

## II.   Discussion

### A.   Mootness

[1] As a preliminary matter, we must decide whether the district court's decision on the merits, which resulted in a dissolution of the stay, has mooted this appeal. The district court's decision puts an end to the parties' immediate dispute, but the controversy over the applicability of Nev. Rev. Stat. § 533.450(5) is "capable of repetition, yet evading review." *S. Pac. Terminal Co. v. Interstate Commerce Comm'n*, 219 U.S. 498, 515 (1911). "A dispute is capable of repetition if there [is] a reasonable expectation that the same complaining party would be subjected to the same action again; it is likely to evade review if the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration." *Unabom Trial v. U.S. Dist. Court*, 183 F.3d 949, 950 (9th Cir.

1999) (en banc) (alteration, internal quotation marks, and citations omitted).

All of the litigants in this case are repeat players who have sought in the past, and will likely seek in the future, to change water allocations under the *Orr Ditch* Decree. It is also likely that, in any future proceedings, the losing party before the Engineer will seek a stay of his ruling. This conclusion is supported by appellees' statement in their stay request that the district court "has on several prior occasions" applied Nev. Rev. Stat. § 533.450 to similar motions for stays of rulings by the State Engineer.

**[2]** By its nature, a stay is temporary. As is apparent from this case — in which this court expedited the appeal — the Nevada district court will frequently rule on the merits of an appeal from a State Engineer's ruling before this court has an opportunity to consider the district court's prior stay order. As a result, we find that the "capable of repetition yet evading review" exception to the mootness doctrine allows us to consider the merits of this appeal.

## B.    Appealability of the District Court's Order

**[3]** The Irrigation District and the City of Fallon next assert that the district court's stay order is not an appealable order. Because the stay order was the functional equivalent of a preliminary injunction, we reject this argument. The order restrained the State Engineer from issuing the permits he had authorized in his December 2002 ruling. Regardless of how a district court chooses to title an order, this court has jurisdiction to decide an appeal under 28 U.S.C. § 1292(a)(1) if the "substantial effect" of the appealed order is that of an injunction. *Tagupa v. East-West Ctr., Inc.*, 642 F.2d 1127, 1129 (9th Cir. 1981) ("In determining the appealability of an interlocutory order under 28 U.S.C. § 1292(a)(1), we look to its substantial effect rather than its terminology.") (internal quotation

marks and citations omitted). Jurisdiction is therefore proper over this appeal.

## C.   Applicability of Nevada Law

Finally, we consider the central issue: whether the district court properly applied Nev. Rev. Stat. § 533.450(5) rather than Rule 65 in deciding whether to grant appellees' stay motion.

**[4]** We have consistently applied state law to applications to change the use of water rights under the *Orr Ditch* Decree. *United States v. Orr Water Ditch Co.*, 914 F.2d 1302, 1307 (9th Cir. 1990). In doing so, we have been guided by the policies underlying the 1902 Reclamation Act, which the Supreme Court has construed to require that "state water law . . . control in the appropriation and later distribution of the water." *United States v. Alpine Land & Reservoir Co.*, 878 F.2d 1217, 1223 (9th Cir. 1989) (quoting *California v. United States*, 438 U.S. 645, 664 (1978)). In addition, we have found that the provision of the *Orr Ditch* Decree mandating that changes to water use be made "in the manner provided by law" requires us to apply "[n]ot only state water law substance . . . but procedure as well." *United States v. Orr Water Ditch Co.*, 914 F.2d 1302, 1307 (9th Cir. 1990).

**[5]** Based on this understanding of the *Orr Ditch* Decree, we have previously held that other Nevada procedures for adjudicating water disputes, including two subsections of the same statute to which Nev. Rev. Stat. § 533.450(5) belongs, apply to *Orr Ditch* proceedings. We have followed the appeal procedures established by Nev. Rev. Stat. § 533.450(1), which require that an appeal of a State Engineer's decision be initiated in the court that entered the decree. *United States v. Alpine Land & Reservoir Co.*, 174 F.3d 1007, 1011 (9th Cir. 1999) (noting that "we have interpreted Nevada law, which provides for jurisdiction of appeals from decisions of the State Engineer 'in the court that entered the decree,' as providing

for federal court review under the *Orr Ditch* Decree"). We have also applied Nev. Rev. Stat. § 533.450(9), which provides that the state engineer's decisions "shall be prima facie correct, and the burden of proof shall be upon the party attacking the same." *See United States v. Alpine Land & Reservoir Co.*, 341 F.3d 1172, 1180 (9th Cir. 2003).

**[6]** We do not believe that the *Orr Ditch* Decree provides a basis for treating Nev. Rev. Stat. § 533.450(5) differently from these other procedural provisions. Like the other subsections of Nev. Rev. Stat. § 533.450 that we have applied to federal proceedings, the stay procedure provided by Nev. Rev. Stat. § 533.450(5) is part of a unified scheme to adjudicate water issues in a fair and orderly way. It has no application outside of water law cases. Absent a procedure such as Nev. Rev. Stat. § 533.450(5), it would frequently be impossible to remedy an error by the State Engineer because, by the time the appeal was decided, the water at issue would already have been used. We are mindful that Nev. Rev. Stat. § 533.450(5), like the other provisions of the Nevada water code, is designed to address such practical realities. *See Application of Filippini*, 202 P.2d 535, 540 (1949) (finding it "settled in [Nevada] that the water law and all proceedings thereunder are special in character, and the provisions of such law not only lay down the method of procedure but strictly limit[ ] it to that provided").

**[7]** We find no conflict between Nev. Rev. Stat. § 533.450(5) and the Federal Rules of Civil Procedure. The federal Rules "govern the procedure in the United States district courts in all suits of a civil nature." Fed. R. Civ. P. 1. Thus, "[w]hen a situation is covered by one of the Federal Rules, . . . the [district court must] apply the Federal Rule, and can refuse to do so only if . . . the Rule in question transgresses [ ] the terms of the [Rules] Enabling Act [or the Constitution]." *Hanna v. Plumer*, 380 U.S. 460, 471 (1965). In this case, however, the specific question of stays of the State Engineer's rulings is not "covered by one of the Federal

Rules." Rather, it is covered by Nev. Rev. Stat. § 533.450(5), an inseparable part of Nevada water law, which is made applicable to the rights at issue here by the express terms of the decree that established those rights.

Were we being asked to apply a generally applicable rule of Nevada civil procedure — such as Nev. Rev. Stat. § 33.010, which provides for preliminary injunctions in civil proceedings in state court — our analysis would be considerably different. Nev. Rev. Stat. § 533.450(5), however, is not a part of the Nevada Rules of Civil Procedure. Rather, it applies only in the narrow context of an appeal from the State Engineer's decision. It is part of the Nevada water code, which the *Orr Ditch* Decree and our case law direct us to apply in its entirety to proceedings under the Decree.

**[8]** We hold that the district court was required to apply Nev. Rev. Stat. § 533.450(5) in order to resolve this case, as the *Orr Ditch* Decree mandates, in the "manner provided by law." We therefore conclude that the district court was correct to grant the appellees' stay motion upon the posting of a sufficient bond.

AFFIRMED