*286 SHEDD, Circuit Judge,
concurring in the denial of rehearing en banc:
Relying on the plain language of 8 U.S.C. § 1252(f)(2), and supported by the clear congressional purpose underlying the Illegal Immigration Reform and Immigrant Responsibility Act (“IIRIRA”),[1] and with full recognition of the importance of the issue, the panel in this case unanimously concluded — after oral argument and careful deliberation — ’that an alien who has been ordered removed from the United States must show by clear and convincing evidence that entry or execution of the order of removal is prohibited as a matter of law in order to “stay” (ie., stop) the removal. See Teshome-Gebreegziabher v. Mukasey, 528 F.3d 330 (4th Cir.2008). In reaching this decision, the panel rejected Teshome’s argument that our traditional circuit test for preliminary injunctive relief must be used. As the author of the panel opinion, I believe that it is correct for the reasons stated therein, and I therefore join in the Court’s decision to deny the petition for rehearing en banc. Although I recognize that the panel opinion itself speaks for the Court and any elaboration that I add at this stage of the proceedings does not, I now write to respond to Judge Michael’s opinion dissenting from the denial of rehearing en banc. I do so because he has raised several arguments that were considered by the panel but were not then necessary for extended discussion given the panel’s unanimity.
Underlying the panel decision is its conclusion that a request for a “stay” of removal is, in essence, a request for injunc-tive relief and, therefore, such a request falls squarely within § 1252(f)(2)’s limitation of the courts’ power to enjoin the removal of aliens. That section provides: “Notwithstanding any other provision of law, no court shall enjoin the removal of any alien pursuant to a final order under this section unless the alien shows by clear and convincing evidence that the entry or execution of such order is prohibited as a matter of law.” Judge Michael primarily takes issue with this conclusion by arguing that the panel’s interpretation “finds little support in either history or usage.” Post at 290.
Judge Michael’s position is refuted by the authorities cited in the panel opinion that show the often synonymous nature of stays and injunctions. See Teshome-Gebreegziabher, 528 F.3d at 333. Perhaps most notable among those authorities is the Anti-Injunction Act (28 U.S.C. § 2283), in which Congress mandated that except in certain circumstances “[a] court of the United States may not grant an injunction to stay proceedings in a State court-” (emphasis added). Judge Michael’s position is further refuted by precedent in this circuit in which he joined. See Gilliam v. Foster, 61 F.3d 1070, 1074 (4th Cir.1995) (en banc) (issuing a “stay” to “enjoin” a state criminal proceeding). Moreover, for what it is worth, I note that even some of the circuits that have interpreted § 1252(f)(2) in the manner Judge Michael advocates have since expressly equated stays and injunctions. See, e.g., Kijowska v. Haines, 463 F.3d 583, 589 (7th Cir.2006) (noting that a stay “is a form of injunction”); United States v. Orr Water Ditch Co., 391 F.3d 1077, 1081 (9th Cir. *287 2004) (noting that “the stay order was the functional equivalent of a preliminary injunction”). Thus, contrary to Judge Michael’s position, there is a wealth of support for the panel’s equating the terms “stay” and “injunction.”
This is not to say that every stay is also an injunction. There is, for example, a narrow type of stay by which a court holds its own proceedings in abeyance. In that situation, the court may issue a “stay,” but it does not “enjoin” itself.[2] However, in the circumstances of this case, the alien is not asking the Court to stop its own proceedings; instead, the alien is asking the Court to stop the Government (ie., a litigant in the proceedings) from removing him from the country. In that respect, the alien’s request fits neatly within the Black’s Law Dictionary definition of injunction cited by Judge Michael: that is, “[a] judicial process operating in person-am, and requiring a person to whom it is directed to ... refrain from doing a particular thing.” See post at 291.
To better understand why a “stay” in this context is an injunction, it is important to understand how pre-IIRIRA removal orders were handled. Before IIRIRA, an alien facing removal typically received an automatic stay of the removal order when he sought appellate review on the merits of his case. However, when there was no automatic stay, and the alien asked the appellate court to stop his removal, the courts treated such a request as a request for preliminary injunctive relief. See generally Weng v. U.S. Attorney General, 287 F.3d 1335, 1336-38 (11th Cir.2002). That standard for preliminary injunctive relief continues to be applied by the courts that reject the § 1252(f)(2) standard. That is, those courts that hold that a “stay” is not an “injunction” nonetheless employ their standard for preliminary injunctive relief in deciding whether to stop an alien’s removal. By doing so, those courts signal that they understand aliens facing agency-ordered removal are seeking injunctive relief when they ask for a stay. No one can seriously suggest that an alien facing removal who asks for a “stay” would be treated differently than another similarly situated alien who seeks an “injunction” to prevent his removal. Of course, the courts would treat them both as seeking the identical relief — stopping the Government from removing them.[3]
Judge Michael also argues that the “structure and language” of § 1252 support the conclusion that Congress did not intend § 1252(f)(2) to apply in this context. Post at 291. I disagree. The fact that § 1252(b)(3)(B) uses the term “stay,” while § 1252(f)(2) does not, adds no support to his argument. Section 1252(b)(3)(B) uses the word “stay” merely to reflect the ter *288 minology given to this injunctive relief pre-IIRIRA. See Weng, 287 F.3d at 1339-40 n. 8 (“The word ‘stay’ in § 1252(b)(3)(B) simply echoes the terminology used in the pre-IIRIRA statute concerning automatic stays which this section overturns ... ”). This is the same functional relief — injunc-tive relief — the removable alien seeks post-IIRIRA, and for such relief, the statute offers only one standard — that found in § 1252(f)(2).
Reno v. American-Arab Anti-Discrimination Committee, 525 U.S. 471, 119 S.Ct. 936, 142 L.Ed.2d 940 (1999), does not aid Judge Michael’s argument. In rejecting the Ninth Circuit’s holding that § 1252(f) operates as a grant of jurisdiction, the Reno Court noted the unremarkable proposition that the section “is nothing more or less than a limit on injunctive relief [that] prohibits federal courts from granting classwide injunctive relief against the operation of §§ 1221-1231, but specifies that this ban does not extend to individual cases.” 525 U.S. at 481-82, 119 S.Ct. 936. Nothing in that statement is at all inconsistent with the panel decision that applies § 1252(f)(2) in the context of this case— that is, an individual alien seeking injunctive relief.[4]
Judge Michael also makes several arguments, reflected in opinions from other circuits, which are not really arguments against the § 1252(f)(2) standard but, instead, are arguments against any standard other than an automatic stay. For exam-pie, Judge Michael complains that application of the § 1252(f)(2) standard will lead to a decision being made without a full administrative record and will cause aliens to be removed while their cases are pending even if their petition for review ultimately would be successful. See post at 293. Of course, absent an automatic stay, which Congress has expressly eliminated, see 8 U.S.C. § 1252(b)(3)(B), those concerns will be present under any standard that is faithfully applied (unless one presumes that all requests for stays under the traditional injunctive relief standard will be granted).[5]
Judge Michael also argues that the stringent standard of § 1252(f)(2), if met, would make superfluous a normal merit review by the court. See post at 293. However, this is simply incorrect, as a recent case in this circuit illustrates. In Fernandez v. Keisler, 502 F.3d 337 (4th Cir.2007), I voted to stay removal under the § 1252(f)(2) standard because it appeared that the petitioner’s removal was prohibited by our opinion in United States v. Morin, 80 F.3d 124 (4th Cir.1996). The stay of removal was thereafter granted. However, after briefing and oral argument, I agreed with Chief Judge Williams that Morin did not control the outcome of the case, and I therefore joined the panel opinion denying relief. See Fernandez v. Keisler, 502 F.3d 337 (4th Cir.2007), cert. denied sub nom. Fernandez v. Mukasey, *289 — U.S.-, 129 S.Ct. 65, 172 L.Ed.2d 62 (2008).
Finally, Judge Michael argues that the panel opinion will lead to “non-uniform application of the immigration laws.” See post at 290. In light of the fact that there exists a circuit split, there is already nonuniform application of this law. In any event, the only sure way to achieve uniformity in this area is for the circuit courts to apply § 1252(f)(2), which is the only standard mandated by Congress, rather than their individual tests for injunctive relief, which can vary from circuit to circuit.
In closing, I note that the Supreme Court has “ ‘long recognized the power to expel or exclude aliens [is] a fundamental sovereign attribute exercised by the Government’s political departments largely immune from judicial control.’ ” Fiallo v. Bell, 430 U.S. 787, 792, 97 S.Ct. 1473, 52 L.Ed.2d 50 (1977) (quoting Shaughnessy v. Mezei, 345 U.S. 206, 210, 73 S.Ct. 625, 97 L.Ed. 956 (1953)). Moreover, “in the exercise of its broad power over immigration and naturalization, ‘Congress regularly makes rules that would be unacceptable if applied to citizens.’ ” Fiallo, 430 U.S. at 792, 97 S.Ct. 1473 (quoting Mathews v. Diaz, 426 U.S. 67, 80, 96 S.Ct. 1883, 48 L.Ed.2d 478 (1976)). Although the § 1252(f)(2) standard is a high one, it is not insurmountable, and even in those cases in which the alien cannot meet the standard, the denial of the stay will not necessarily lead to the purported “unjust results” to which Judge Michael alludes. See post at 290. By the time an asylum or withholding case comes before the circuit court of appeals in the context of review of a removal order, the application for relief has typically been considered in multiple levels of adjudication. Furthermore, the “theme” of IIRIRA is “protecting the Executive’s discretion from the courts,” Reno, 525 U.S. at 486, 119 S.Ct. 936, and the Attorney General maintains the discretion to allow an alien to remain in the country until he has exhausted all avenues of judicial review, see Teshome-Gebreegziabher, 528 F.3d at 334 n. 4, which he frequently exercises in the alien’s favor, see Opposition to Pet. for Rehearing and Rehearing En Banc, at 10. However, regardless of how the Attorney General exercises this discretion, Congress clearly limited the courts’ discretion, and we are bound to follow that directive.
For the reasons set forth in the panel opinion, as well as the foregoing, I concur in the Court’s decision to deny the petition for rehearing en banc.
Chief Judge WILLIAMS joins this concurring opinion.

. We recently noted in William v. Gonzales, 499 F.3d 329, 332 n. 3 (4th Cir.2007), that "one of IIRIRA’s aims is to expedite the removal of aliens from the country while permitting them to continue to seek review of their removal orders from abroad.” See also Appiah v. U.S. Immigr. & Naturaliz. Serv., 202 F.3d 704, 707 (4th Cir.2000) (noting that in enacting IIRIRA Congress "aimed to expedite the removal of deportable aliens and to limit discretionary relief”),

. For this reason, Judge Michael’s reliance on Gulfstream Aerospace CoRp. v. Mayacamas Corp., 485 U.S. 271, 108 S.Ct. 1133, 99 L.Ed.2d 296 (1988), is misplaced. There, the Court considered the nature of stays and injunctions in the context of interlocutory appeals and held that "orders granting or denying stays of 'legal' proceedings on ‘equitable’ grounds are not automatically appealable” under 28 U.S.C. § 1292(a)(1). 485 U.S. at 287, 108 S.Ct. 1133. It is clear that the Court was addressing the narrow class of stays involving a court’s decision to hold its own proceedings in abeyance. Indeed, the Court noted that notwithstanding its ruling, § 1292(a)(1) would "continue to provide appellate jurisdiction over orders that ... have the practical effect of granting or denying injunctions ....” 485 U.S. at 287-88, 108 S.Ct. 1133 (emphasis added).

. Certainly, an alien could seek both types of relief in the same case; that is, he could ask the court to stop the Government from removing him, and at the same time ask the court to stay — or hold in abeyance — its own merit review proceedings. His first request is for injunctive relief; his second is for a stay.

. Those courts that reject § 1252(f)(2) as the proper standard must find some purpose for this language, and they do so by reading § 1252(f)(2) in a manner that is limited to injunctive relief involving constitutional violations and legal errors. However, such a reading simply ignores the plain language of the statute. Section 1252(f)(2) is very clear: “No court shall enjoin [removal] ... unless the entry or execution of such order is prohibited as a matter of law.” (emphasis added). This language clearly addresses the standard when an individual seeks relief from an order of removal, which is precisely the issue before us.

. As the Ninth Circuit recently noted, the Government's frequent lack of opposition to motions to stay removal inevitably, and improperly, leads to a de facto automatic stay because courts in that instance "summarily fail to consider the motions." Rivera v. Mukasey, 508 F.3d 1271, 1278 (9th Cir.2007).