*109 AMENDED MEMORANDUM *
AT & T Mobile LLC (formerly Cingular Wireless, LLC, herein “Cingular”) appeals the district court’s order denying Cingular’s motion to compel arbitration on the ground that the provision in Cingular’s consumer cell phone contract requiring consumers to waive the right to bring a class action and to consent to arbitration is unconscionable under California law. The plaintiff, Jonathan C. Kaltwasser, brought a putative class action in federal district court in California against Cingular for alleged violations of the California Business and Professions Code and the Consumer Legal Remedies Act and for breach of contract.
Cingular filed a motion to compel arbitration under the Federal Arbitration Act pursuant to the terms of its contract with Kaltwasser. The district court denied the motion. We review the denial of a motion to compel arbitration de novo. Shroyer v. New Cingular Wireless Servs., Inc., 498 F.3d 976, 981 (9th Cir.2007). We review the district court’s choice of law determination de novo. United States v. Orr Water Ditch Co., 391 F.3d 1077, 1080 (9th Cir.2004). We have jurisdiction under 9 U.S.C. § 16(a)(1)(B), (a)(3), and we affirm.
“Federal courts sitting in diversity must apply the forum state’s choice of law rules to determine the controlling substantive law.” Fields v. Legacy Health Sys., 413 F.3d 943, 950 (9th Cir.2005) (internal quotation marks and citation omitted). Therefore, the district court did not err in finding that California had more of an interest in the enforcement of this contract than Virginia. California applies the principles set forth in § 187 of the Restatement in determining the enforceability of a contractual choice-of-law provision. Nedlloyd Lines B.V. v. Sup.Ct. of San Mateo County, 3 Cal.4th 459, 11 Cal.Rptr.2d 330, 834 P.2d 1148 (1992). First, although Virginia is where Kaltwasser currently receives his wireless service bills, it is neither where the contract was formed nor the state whose laws Kaltwasser alleges Cingular violated in its advertising that enticed him to enter into the contract.
Second, Virginia law disfavors class action lawsuits. Forrest v. Verizon Commc’ns, Inc., 805 A.2d 1007, 1011 (D.C.2002). Thus, Virginia law is in conflict with California law, which generally finds class action waivers unconscionable. Discover Bank v. Sup.Ct., 36 Cal.4th 148, 161, 30 Cal.Rptr.3d 76, 113 P.3d 1100, 1108-09 (2005).
Third, the choice of law provision in the contract is ambiguous. We therefore construe it against Cingular because it drafted the ambiguous phrase. Cal. Civ.Code § 1654; see also Bank of the West v. Superior Court, 2 Cal.4th 1254, 1264-65, 833 P.2d 545, 551-52 (Cal.1992).
Cingular argues that the revised arbitration agreement controls over the original agreement. Because Kaltwasser effectively rejected the revised arbitration agreement, it is only the original agreement that is applicable here. The class action waiver in the original arbitration agreement has been held to be unconscionable as a matter of California law. See Shroyer, 498 F.3d at 981; see also Discover Bank, 36 Cal.4th at 161, 30 Cal.Rptr.3d 76, 113 P.3d 1100. The arbitration provision specifically provides that if the class action waiver is found to be void, then the entire arbitration provision is null and void.
*110 Finally, California unconscionability law is neither expressly nor impliedly preempted by the Federal Arbitration Act. 9 U.S.C. § 2; Shroyer, 498 F.3d at 987-91.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.