An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

TRADEWINDS BUILDING AND
DEVELOPMENT, INC., D/B/A
TRADEWINDS CONSTRUCTION, A
NEVADA CORPORATION,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
JESSIE ELIZABETH WALSH,
DISTRICT JUDGE,
Respondents,
and
PARK AVENUE HOMEOWNERS'
ASSOCIATION, A NEVADA NON-
PROFIT CORPORATION; DRAEGER
CONSTRUCTION, LLC, A NEVADA
LIMITED LIABILITY COMPANY;
INTERNATIONAL FIDELITY
INSURANCE COMPANY, A NEW
JERSEY CORPORATION; AND
DRAEGER CONSTRUCTION, INC., A
CALIFORNIA CORPORATION,
Real Parties in Interest.

No. 61796

**FILED**

JUL 2 3 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _R. Malone_
DEPUTY CLERK

## ORDER GRANTING PETITION FOR WRIT OF MANDAMUS

This petition for a writ of mandamus or prohibition challenges a district court order striking as untimely a peremptory challenge in a consolidated civil action.

A writ of mandamus is available to compel the performance of an act that the law requires or to control an arbitrary or capricious exercise of discretion. NRS 34.160; *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008). A writ of prohibition may be warranted when the district court exceeds its jurisdiction. NRS 34.320. Where there is no plain, speedy, and adequate remedy in the ordinary course of law, NRS 34.170; NRS 34.330, extraordinary relief may be available. *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 679, 818 P.2d 849, 851, 853 (1991).

Petitioner Tradewinds Building & Development was a plaintiff in a district court action assigned to Judge Early. A related action filed by real party in interest Park Avenue Homeowners' Association was assigned to Judge Scann. While a motion to disqualify Park Avenue's counsel was pending and set to be heard by Judge Scann, Park Avenue filed an unopposed motion to consolidate the Tradewinds and Park Avenue matters. Judge Scann entered an order granting the motion to consolidate, notice of entry of which was served on August 13, 2012. Also on August 13, 2012, which was one day before the hearing on the motion to disqualify counsel, Tradewinds filed a peremptory challenge against Judge Scann. As a result, the consolidated matters were reassigned to Judge Walsh. Park Avenue filed a motion to strike the peremptory challenge as untimely under SCR 48.1(3)(b), which Judge Walsh granted, returning the consolidated actions to Judge Scann. This writ petition followed.

In its petition, Tradewinds argues that it was legally impossible for it to comply with SCR 48.1(3)(b)'s requirement that a peremptory challenge be filed "[n]ot less than 3 days before the date set for

the hearing of any contested pretrial matter," because it was not a party before Judge Scann in the Park Avenue action until after the cases were ordered consolidated and notice of that order's entry was served. Tradewinds therefore argues that it was permitted to file a peremptory challenge against Judge Scann within three days of being notified of the reassignment and one day before the contested hearing because that was the first opportunity it had to file a challenge. *Cf. State ex rel Moore v. Fourth Judicial Dist. Court*, 77 Nev. 357, 361, 364 P.2d 1073, 1076 (1961) (holding that intervenors could file a peremptory challenge even though a contested hearing had occurred because they had lacked standing to challenge a judge under the statutory predecessor to SCR 48.1 until they formally joined the action).

Having considered the unopposed petition and the supporting documents, we conclude that our intervention is warranted, and that a writ of mandamus should issue.[1] *See Turnipseed v. Truckee-Carson Irrigigation Dist.*, 116 Nev. 1024, 13 P.3d 395 (2000) (granting mandamus

---

[1]On February 19, 2013, this court conditionally imposed sanctions on real party in interest Park Avenue's counsel for failure to answer the petition as directed. On March 1, 2013, Park Avenue's counsel filed a motion to vacate the conditional sanctions and to withdraw as counsel, stating that the answer was not filed because counsel was disqualified in the underlying district court action.

Having considered the motion to vacate sanctions and to withdraw as counsel and Tradewinds' limited opposition thereto, we grant the motion. Accordingly, we vacate the February 19 conditional sanctions order and direct the clerk of this court to remove attorneys Chad F. Clement and William A. Levy and the law firm Marquis Aurbach Coffing as Park Avenue's counsel in this matter.

relief to correct an improperly stricken peremptory challenge). When a case assigned to one judge is consolidated with another case assigned to a different judge, those parties brought into the consolidated action are entitled to file a peremptory challenge against the judge that the case is reassigned to as a result of consolidation. *See* SCR 48.1(9). When notice of entry of the order consolidating the cases is served and the cases are reassigned to the judge who will hear and decide the consolidated cases, the time period for filing a peremptory challenge begins to run. Where, as here, consolidation and resultant reassignment to a new judge occurs less than three days before a contested hearing, thus making it impossible to comply with SCR 48.1(3), any peremptory challenge must be filed within three days after the party is notified of the reassignment, or before any ruling is made in a hearing. *See* SCR 48.1(4).

In this case, the order consolidating the district court cases was effective on August 13, 2012, when notice of entry was served. At that point, Tradewinds had either three days or until a ruling was made on a contested matter in the consolidated cases to file its peremptory challenge. SCR 48.1(4)(a) and (b). Tradewinds filed its peremptory challenge on August 13, 2012, the day before the hearing on the motion to disqualify counsel occurred and within three days of being served with notice that its case had been consolidated with the Park Avenue matter and reassigned to Judge Scann. Accordingly, the peremptory challenge was timely. Because SCR 48.1 mandates reassignment to a new judge when a party timely files a peremptory challenge, we grant the petition and direct the clerk of this court to issue a writ of mandamus instructing the district

court to vacate its order striking Tradewinds' peremptory challenge and to reassign the consolidated cases to a judge other than Judge Scann.

It is so ORDERED.[2]

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:    Hon. Jessie Elizabeth Walsh, District Judge
Hon. Susan Scann, District Judge
Peel Brimley LLP
Lee, Hernandez, Landrum, Garofalo & Blake, APC
Marquis Aurbach Coffing
Park Avenue Homeowners' Association
Eighth District Court Clerk

---

[2]We deny Tradewinds' alternative request for a writ of prohibition.