NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 22 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SALVADOR HIGARERA-SEGURA, | No. 16-72611 |
| Petitioner, | Agency No. A075-185-118 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 11, 2018**
San Francisco, California

Before: SILER,*** PAEZ, and IKUTA, Circuit Judges.

Salvador Higarera-Segura, a native and citizen of Mexico, petitions for

review of the Department of Homeland Security ("DHS")'s decision to reinstate

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

his prior removal order. We dismiss the petition as moot.

In light of Higarera-Segura's reentry into the United States while the present petition for review was pending, we cannot order any "effective relief."[1] *Bayer v. Neiman Marcus Grp., Inc.*, 861 F.3d 853, 862 (9th Cir. 2017). Higarera-Segura is no longer subject to the reinstatement decision under review. Rather, DHS must make a new determination as to whether to reinstate Higarera-Segura's February 2011 removal order. Thus, even if we were to vacate the reinstatement decision, such relief would have no concrete effect. Furthermore, Higarera-Segura does not argue that the reinstatement decision under review carries with it a "collateral consequence" that may be redressed through the present petition, *Del Cid Marroquin v. Lynch*, 823 F.3d 933, 935 (9th Cir. 2016), and we are not aware of any such consequence, *see Morales-Izquierdo v. Gonzales*, 486 F.3d 484, 497–98 (9th Cir. 2007) (en banc).

Finally, we reject Higarera-Segura's argument that this case is "capable of repetition, yet evading review." *United States v. Orr Water Ditch Co.*, 391 F.3d 1077, 1080 (9th Cir. 2004) (internal quotation marks omitted). Our conclusion that the present case is moot in light of Higarera-Segura's reentry does not necessarily

---

[1] We grant the government's unopposed motion to take judicial notice of, inter alia, the indictment charging Higarera-Segura with illegal reentry. We also grant Higarera-Segura's motion to supplement the administrative record, as the government concedes that we may consider the documents attached to the motion for purposes of determining our jurisdiction.

foreclose our review of a future challenge to a reinstatement decision. *See, e.g.,* *Villa-Anguiano v. Holder*, 727 F.3d 873, 877, 882 (9th Cir. 2013) (reviewing a challenge to a reinstatement order where the petitioner had been physically removed). Moreover, as Higarera-Segura acknowledges, the issue he seeks to raise is whether 8 U.S.C. § 1231(a)(5) bars sua sponte reopening of removal proceedings where a motion for such relief is filed prior to reinstatement. If DHS again reinstates Higarera-Segura's removal, he may raise that issue in a petition for review of the Board of Immigration Appeals' order affirming the denial of a motion to reopen.[2]

**DISMISSED.**

---

[2] Here, the Board of Immigration Appeals issued such an order, but Higarera-Segura did not petition for review of it.